STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 11-697


JEFFREY KROGH

VERSUS

TRI-STATE REFRIGERATION


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT FOUR
PARISH OF LAFAYETTE, NO. 10-04395
SHARON MORROW, WORKERS COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and J. David Painter, Judges.


**AFFIRMED.**


**Kathleen Wigginton Will**
**Briney & Foret, LLC**
**P. O. Drawer 51367**
**Lafayette, LA 70505-1367**
**(337) 237-4070**
**Counsel for Defendant/Appellee:**
**Tri-State Refrigeration**

**Stephen C. Gaubert**
**Gaubert & Smith**
**600 Jefferson St., Suite 404**
**Lafayette, LA 70501**
**(337) 354-3000**
**Counsel for Plaintiff/Appellant:**
**Jeffrey Krogh**

**Ezell, Judge.**

Jeffrey Krogh appeals the decision of the workers' compensation judge denying his claims for penalties and attorney fees against Tri-State Refrigeration for failure to approve his choice of a pain management physician. For the following reasons, we affirm the decision of the workers' compensation judge.

On December 2, 2009, Mr. Krogh was working in the course and scope of his employment when he suffered a partial amputation of three of the fingers on his left hand. He had several surgeries to repair the damage between that time and February, 2010. After enduring painful physical therapy, Mr. Krogh was able to recover to the point that his surgeon, Dr. Kenneth Odinet, felt he had reached maximum medical improvement (MMI) and released him to full-duty work on April 1, 2010. Shortly after returning to work, Mr. Krogh began to experience pain in his fingers. Dr. Odinet limited him to light-duty work and recommended additional therapy and pain desensitization on April 14. On April 22, Mr. Krogh sent a demand letter to Tri-State seeking authorization for a pain management physician. This request was initially denied, as it had not been recommended by Dr. Odinet.[1] Mr. Krogh filed the current claim, alleging Tri-State was arbitrary or capricious in denying him his physician of choice and seeking penalties and attorney fees. The workers' compensation judge denied this claim, finding Mr. Krogh to be a believable witness, but finding no evidence of inappropriate behavior on the part of Tri-State. From that decision, Mr. Krogh appeals.

Mr. Krogh asserts one assignment of error on appeal, claiming the workers' compensation judge erred in denying his request for penalties and attorney fees.

---

[1] Pain management was eventually recommended by Dr. Odinet and approved by Tri-State.

1

Louisiana Revised Statutes 23:1121(B) provides that an employee has a right to select one treating physician in any field or speciality. However, this statute must be read in conjunction with La.R.S. 23:1203(A), which requires that treatment be medically necessary in order for the employer to be responsible for the expenses. *Scott v. Piccadilly Cafeteria,* 97-1584 (La.App. 3 Cir. 4/1/98), 708 So.2d 1296. *Captain v. Citgo Petroleum Corp.*, 06-481, p. 3 (La. App. 3 Cir. 9/27/06), 940 So. 2d 731, 735.

The Louisiana Supreme Court discussed the meaning of "reasonably controverting a claim" in *Brown v. Texas-LA Cartage, Inc.,* 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890, as follows:

> In general, one can surmise from the plain meaning of the words making up the phrase "reasonably controvert" that in order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.

The determination of whether an employer should be cast with penalties and attorney fees in a workers' compensation case is essentially a question of fact and subject to the manifest error/clearly wrong standard of review. *Reed v. Abshire,* 05-744 (La.App. 3 Cir. 2/1/06), 921 So.2d 1224.

The record before this court does not establish any error in the workers' compensation judge's decision. In the three weeks before Mr. Krogh first sought pain management, Dr. Odinet had released him to work without restrictions, noting that he felt Mr. Krogh was at MMI and that Mr. Krogh felt no pain in his fingers. After returning to work, Mr. Krogh began to feel "needles and shocking pain" when he would strike his fingers against something. Two weeks after granting him a full work release, Dr. Odinet reduced Mr. Krogh from full duty to light duty and attempted to

alleviate this apparently new pain through physical therapy and pain desensitization. He did not indicate any need for pain management. Little more than a week after this visit, Mr. Krogh sought to be approved for pain management. This was all the information before Tri-State at the time of demand. Given the limited information, none of which pointed to the medical necessity of pain management for Mr. Krogh, we cannot find that Tri-State was arbitrary or capricious in not approving what could have been seen as duplicative medical services, as he was in the process of undergoing the physical therapy recommended by Dr. Odinet at the time of the request. The workers' compensation judge did not commit error in its finding.

For the above reasons, the ruling of the trial court is hereby affirmed. Costs of this appeal are assessed against Mr. Krogh.

**AFFIRMED.**

3