AMY, J.,
concurring.
Ill agree with the majority that an affirmation is warranted in this case and with the majority’s conclusion that the trial court inappropriately shifted the burden of proof to the claimant, thus warranting a de novo review. See Tulane Univ. Hosp. & Clinic v. Lockheed Martin Corp., 11-179 (La.App. 4 Cir. 6/29/11), 70 So.3d 988. However, I write separately in light of my view of the interplay between La.R.S. 23:1121 and La.R.S. 23:1201(F).
Ms. Deloach’s disputed claim for compensation requested a determination regarding FARA’s denial of her choice of physician as well as penalties and attorney fees. La.R.S. 23:1121(B)(1) requires “good cause” on the part of the employer in refusing the claimant’s choice of physician, *741 and this court has noted that La.R.S. 23:1121(B) “must be read in conjunction with La.R.S. 23:1203(A), which requires that treatment be medically necessary in order for the employer to be responsible for the expenses.” Krogh v. Tri-State Refrigeration, 11-697, p. 2 (La.App. 3 Cir. 11/2/11), 79 So.3d 445, 447. Violations of La.R.S. 23:1121 can subject the employer or insurer to penalties and attorney fees pursuant to La.R.S. 23:1201. La.R.S. 23:1201(F). However, an employer or insurer will not be liable for penalties and attorney fees if the claim is reasonably controverted. La.R.S. 23:1201(F)(2).
Un my view, FARA provided sufficient evidence to prove that it had “good cause” for denying Ms. Deloach’s request to see the physiatrist, Dr. Leglue. As detailed by the majority, Dr. Naalbandian commented in 2010 that Ms. Deloach’s work-injury-related headaches appeared to have resolved. Thereafter, there was a significant gap in Ms. Deloach’s treatment and, when Ms. Deloach returned, several medical tests showed normal results. Ms. De-loach failed to rebut this evidence. Accordingly, I conclude that FARA showed that the request was not medically necessary and met its burden of proof to show that it had good cause for denying Ms. Deloach’s request. Having determined that no violation of La.R.S. 23:1121(B) exists, it is unnecessary to address whether or not the claim was reasonably controverted.
For these reasons, I concur in the majority opinion.