731 So.2d 525 (1999)
The LOUISIANA CLINIC, Plaintiff-Appellant,
v.
PATIN'S TIRE SERVICE & The Travelers Insurance Company, DefendantsAppellees.
No. 98-1973.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1999.
*526 G. Wade Wootan, New Orleans, for Louisiana Clinic.
L. Dean Fryday, Jr., for Patin's Tire Service, et al.
Before PETERS, AMY, and GREMILLION, Judges.
PETERS, J.
This workers' compensation dispute involves the payment of charges for a magnetic resonance image (MRI) performed on Roger Dale Prince, Sr., by The Louisiana Clinic. When Prince's employer, Patin's Tire Service, Inc. (Patin), and its workers' compensation insurer, The Travelers Insurance Company (Travelers), refused to pay the charges, Louisiana Clinic brought this action with the Office of Workers' Compensation Administration to recover the disputed charges. Patin and Travelers responded by filing peremptory exceptions of no right and no cause of action, which were granted by the workers' compensation judge. Louisiana Clinic appeals that decision.

DISCUSSION OF THE RECORD
On March 24, 1998, Louisiana Clinic performed an MRI on Prince at the request of his treating physician, Dr. Stuart I. Phillips, a New Orleans, Louisiana orthopaedic surgeon. It then tendered its statement for payment of services rendered in the amount of $975.00 to Patin and Travelers. When Patin and Travelers refused to pay, Louisiana Clinic brought this action by completing and filing the standard form used by the Office of Workers' Compensation Administration for raising any disputed claim related to a workers' compensation claim.
The form, when completed by Louisiana Clinic, listed Prince as the injured employee, Patin as the employer, and Travelers as the compensation insurer. The form provided a checklist of items describing various issues that could be in dispute and provided very limited space for expounding on the particulars in that regard. Louisiana Clinic checked several of the items, including "Medical treatment" and "Choice of physician." Louisiana Clinic then attached various documents describing the medical-treatment dispute to support the allegations. The attachments indicated that on March 24, 1998, Louisiana Clinic provided MRI services for Prince totaling $975.00. The attachments also indicated that Travelers authorized the MRI but would not authorize the procedure to be performed at Louisiana Clinic. Further, Louisiana Clinic alleged that it performed the test based on Prince's choice of physician in a specialty.
In their exceptions, Patin and Travelers asserted that a diagnostic facility is not a treating physician and, therefore, Prince had no right to choose a certain facility to conduct the test. They further asserted that Louisiana Clinic, as the medical provider, had no right of action to bring a *527 choice-of-physician action on behalf of Prince and that any action to enforce his right to choose his own physician had to be brought by Prince.
At the hearing on the exceptions, the parties entered into the following stipulations:
1. Dr. Stuart Phillips is the treating physician in the field of orthopaedics for the injured workers['] compensation patient, Mr. Dale Prince.
2. Mr. Prince selected Dr. Phillips and The Louisiana Clinic (formerly "New Orleans Orthopaedic Clinic") as the provider of choice for all reasonable, necessary and approved ancillary services (i.e., MRI services)....
3. The lumbar MRI test ordered by Dr. Phillips was reasonable and necessary in the diagnosis and treatment of Mr. Prince's work related injury.
4. The Clinic sought authorization for a lumbar MRI consistent with the workers['] compensation guidelines and utilization review rules for medical necessity.
5. Travelers authorized the MRI as being medically necessary and that the test be performed at DIS only.
6. The workers['] compensation fee schedule for a lumbar MRI is $975.00.
7. The Clinic charged the Employer $975.00 for Mr. Prince's MRI.
8. More than 60 days have elapsed since the receipt of the Clinic's bill by Travelers and no payment has been tendered to date.
9. DIS and the Clinic are approximately 3 blocks from each other in New Orleans.
10. Stipulated exhibits:
Exhibit A from Plaintiff's Pre-Trial Memorandum[1]
Exhibit D from Plaintiffs's Pre-Trial Memorandum[2]
11. DIS cost would have been [$]650.00 for the MRI[.]
The workers' compensation judge sustained both exceptions, and Louisiana Clinic appeals.

OPINION
The exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru S., Inc., 616 So.2d 1234 (La.1993). No evidence may be introduced to support or controvert the objection that the petition does not state a cause of action. Id. Thus, the court reviews the petition and accepts as true well-pleaded allegations of fact. Id. The issue at the trial of the exception is whether, on the face of the pleading, the plaintiff is legally entitled to the relief he seeks. Id.
To initiate resolution of an unresolved controversy in a workers' compensation case, the claimant must file "the appropriate form with the office of workers' compensation administration." La. R.S. 23:1310.3(A). In the instant case, Louisiana Clinic used the standard workers' compensation form, and, due to its nature, the principal allegations concerning this dispute appear in the attachments. Because La.R.S. 23:1317(A) provides that the workers' compensation judge is not bound by the technical rules of procedure, we find that for the purpose of considering whether the claim states a cause of action, *528 the "face of the pleading" in this case includes the attachments to the claim form.
The workers' compensation judge found, and the defendants argue on appeal, that an employee has no cause of action under the Workers' Compensation Act to choose the diagnostic facility. In so holding, the workers' compensation judge relied on La.R.S. 23:1121(B), which provides in part:
The employee shall have the right to select one treating physician in any field or specialty.... After his initial choice the employee shall obtain prior consent from the employer or his workers' compensation carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.
The workers' compensation judge reasoned that the term "treating physician" does not apply to a diagnostic facility or to any doctor who performed the MRI due to the fact that the doctor or technician would conduct a one-time test and would not have repeated examinations or sustained observations of the employee.
However, reliance on La.R.S. 23:1121(B) in this regard is misplaced. Prince chose his treating physician, Dr. Phillips, as allowed by La.R.S. 23:1121(B). It was Dr. Phillips, not Prince, who ordered the MRI. Prince was not attempting to change treating physicians but to obtain a diagnostic test at his physician's instruction. Patin and Travelers do not question the medical necessity of the test. They simply want to select the physician or technician or facility to conduct the MRI. La.R.S. 23:1121 does not grant that right to the employer or insurer but only the right to have the employee examined by its choice of physician in addition to the employee's choice of physician. We have found no authority that allows the employer or insurer to dictate the place and physician to perform diagnostic testing ordered by a treating physician. Rather, the check on the employee's testing is through La.R.S. 23:1034.2 and 23:1142(B), which place a monetary limit on the diagnostic testing. Concomitantly, these statutes give no indication that an employer may "bargain shop" for the least expensive facility in which to have the testing performed.
We find that La.R.S. 23:1203(A) provides the cause of action for recovery of the MRI expenses. That statute provides that "the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal...." Accepting the allegations of the pleading as true, without considering the stipulations, medical necessity was shown due to the fact that the defendants actually authorized the MRI. Thus, the law affords a remedy or a cause of action to the appropriate claimant, and the workers' compensation judge erred in ruling otherwise.
The exception of no right of action tests whether the particular plaintiff has an actual and real interest in the action. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm'n, 94-2015 (La.11/30/94); 646 So.2d 885. In other words, the exception of no right of action determines whether the plaintiff belongs to the class of persons to whom the law affords the cause of action asserted in the lawsuit. Id. Evidence may be introduced to support or controvert the exception of no right of action. La.Code Civ.P. art. 931.
The workers' compensation judge found that Louisiana Clinic had no right of action to enforce the employee's choice of physician. However, as we previously stated, this case does not present a choice-of-physician issue. La.R.S. 23:1034.2(F) provides that "[s]hould a dispute arise between a health care provider and the employee, employer, or workers' compensation insurer, the parties shall submit the dispute to the office in accordance with the *529 provisions of law governing disputes." This is exactly what happened in this case. Therefore, the workers' compensation judge erred in sustaining the exception of no right of action on that basis.

DISPOSITION
For the foregoing reasons, we reverse the judgment granting the exceptions of no cause and no right of action and remand the case for further proceedings consistent with this opinion. We assess costs of this appeal to the defendants.
REVERSED AND REMANDED.
NOTES
[1] This exhibit is a form for consent for ancillary services that reflects Prince's choice of a provider for ancillary services as being Louisiana Clinic.
[2] This exhibit is an affidavit executed by Prince in which he explained that he did not want to have the MRI performed by the physician chosen by Travelers or at any facility with which this physician was associated because of prior bad results with the physician and the providers selected by Travelers.