LDECUIR, Judge.
The Louisiana Clinic filed a compensation claim against Patin’s Tire Service and its workers’ compensation insurer, The Travelers Insurance Company, for payment óf a $975 MRI bill. The bill was eventually paid, and the defendants were granted summary judgment dismissing the claimant’s suit, including its claim for penalties and attorney’s fees. The Louisiana Clinic has appealed the summary judgment, and we reverse in its favor.
Roger Dale Prince, Sr. was employed by Patin’s Tire Service when he was injured on the job. Travelers paid workers’ compensation benefits to Prince and also paid for the medical services provided by Dr. Stuart Phillips, Prince’s treating physician. Dr. Phillips ordered an MRI which Travelers authorized as medically necessary. Travelers, however, wanted Prince to have the MRI performed at a diagnostic facility of its choosing, rather than at a facility chosen by Prince or Dr. Phillips. Prince refused and the test was performed at the Louisiana Clinic. When Travelers denied payment of the charges submitted by the Louisiana Clinic, the clinic filed this claim with the Office of Workers’ Compensation.
Travelers responded to the claim of the Louisiana Clinic by-filing exceptions of no cause and no right of action. The trial judge maintained the exceptions, finding that a workers’ compensation claimant has no right to his choice of a diagnostic facility and a medical care provider has no *832 corresponding right of action to enforce a claimant’s choice of diagnostic facility. This court reversed, holding that the dispute over the unpaid MRI bill had nothing to do with the choice of a treating physician, but rather, was based on the employer’s statutory obligation to provide necessary medical services. See The Louisiana Clinic v. Patin’s Tire Service, 98-p.973 (La.App. 3 Cir. 5/5/99), 731 So.2d 525. Accordingly, this court held that the Louisiana Clinic had a cause of action under La.R.S. 23:1203(A) and had a corresponding right to bring the action under La.R.S. 23:1034.2(F). Upon remand, Travelers paid the disputed bill and moved to have the case dismissed via summary judgment.
The issue raised at the summary judgment hearing was whether the Louisiana Clinic could litigate the question of penalties and attorney’s fees. Travelers argued, and the trial court found, that the claim for the MRI fee was reasonably controverted, thereby absolving Travelers from having to pay penalties and attorney’s fees. The trial judge determined that the question of a worker’s choice of a diagnostic facility was res nova in Louisiana jurisprudence and was a legitimate and bona fide controversy, even though the issue was ultimately resolved against the insurer.
The Louisiana Clinic argues in this appeal that summary judgment was improperly granted for several reasons: that summary judgment was rendered before discovery could be completed; that the “reasonably controverted” standard does not apply to the instant case; and that future abuses will be curbed only through the imposition of penalties and attorney’s fees in this case.
The position asserted by Travelers throughout this litigation has been that an insurer should have the right to force .a claimant to obtain authorized diagnostic testing at a place dictated by the insurer. This court, however, perfunctorily rejected that assertion. In reversing the trial court, we stated:
La.R.S. 23:1121 does not grant that right to the employer or insurer but only the right to have the employee examined by its choice of physician in addition to the employee’s choice of physician. We have found no authority that allows the employer or insurer to dictate the place and physician to perform diagnostic testing ordered by a treating physician. Rather, the check on the employee’s testing is through La.R.S. |423:1034.2 and 23:1142(B), which place a monetary limit on the diagnostic testing.
The Louisiana Clinic, at p. 5, 731 So.2d at 528. Indeed, even though the initial ruling on the question was in Travelers’ favor as determined by the trial judge, we found no basis in law for the position asserted by Travelers. Consequently, we disagree with the trial judge’s conclusion that the claim of the Louisiana Clinic was reasonably controverted by Travelers simply because of the way the issue was decided in the trial court.
The entitlement to penalties and attorney’s fees is a question of fact. In deciding the issue, the trial court must determine whether the employer or insurer had “some valid reason or evidence upon which to base [the] denial of benefits.” Brown v. Texas-La Cartage, Inc., 98-1063, p. 9 (La.12/1/98); 721 So.2d 885, 890. In Brown, the defendant’s insurance adjuster asserted that the pertinent issue was a gray area of the law; the supreme court determined that this rationale for late payment of benefits did not mean that the claim had been reasonably controverted.
Similarly, in the instant case, the mere fact that the insurer chose to litigate a question of law does not mean that its actions were reasonable. In fact, this court - determined that the position asserted by Travelers was not in any way supported by the workers’ compensation laws.
*833 The record before us contains very little evidence. The parties have not had the opportunity to fully develop their positions on the question of penalties and attorney’s fees. Travelers must show that it reasonably controverted the claim of the Louisiana Clinic in order to avoid liability for penalties and attorney’s fees. The appropriate forum for resolution of the claim for penalties and attorney’s fees is a full evi-dentiary hearing.
| ¡¡Accordingly, we find the trial court improperly granted summary judgment in this case. The bill which was the subject of the initial controversy has been paid, but the plaintiff has a remaining claim for penalties and attorney’s fees. Therefore, because theré is a genuine issue of material fact on the question of whether the defendants can prove the claim was reasonably controverted, we conclude that summary judgment was not proper. This matter is remanded for further proceedings. Costs of this appeal are assessed to Patin’s Tire Service and Travelers Insurance Company.
REVERSED AND REMANDED.