# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**12-909 consolidated with 12-910, 12-911, 12-912, 12-913, 12-914, 12-915, 12-916, 12-917, 12-918, 12-919, 12-920, 12-921, 12-922, 12-923, 12-924, 12-925, 12-926, and 12-927**

**REBEL DISTRIBUTORS CORP., INC. d/b/a PHYSICIAN PARTNER AND PHARMACY PARTNER (MARY DOUCET)**

**VERSUS**

**LUBA WORKERS' COMP., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT 04
PARISH OF LAFAYETTE, NO. 09-00160
SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## JIMMIE C. PETERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Marc T. Amy, Judges.

**AFFIRMED.**

**THIBODEAUX, Chief Judge, dissents in part and assigns written reasons, with the exceptions of No. 12-923 and No. 12-924.**

Harry K. Burdette
The Glenn Armentor Law Corporation
300 Stewart Street
Lafayette, LA 70501
(337) 233-1471
COUNSEL FOR PLAINTIFF/APPELLANT:
        Rebel Distributors Corporation, Inc. d/b/a

**Physician Partner and Pharmacy Partner**
**W. Michael Adams**
**Stacey D. Williams**
**Blanchard, Walker, O'Quinn & Roberts**
**P. O. Drawer 1126**
**Shreveport, LA 71163-1126**
**(318) 221-6858**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Rebel Distributors Corporation, Inc. d/b/a**
    **Physician Partner and Pharmacy Partner**

**Jeffrey C. Napolitano**
**Juge, Napolitano, Guilbeau, Ruli & Frieman**
**3320 West Esplanade Avenue North**
**Metairie, LA 70002**
**(504) 831-7270**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **LUBA Casualty Insurance Company**
    **Acadiana Plastics Manufacturing, Inc.**

**PETERS, J**.

We consider this matter on remand from the supreme court following its decision in *Rebel Distributors Corp., Inc. v. LUBA Workers' Compensation*, 13-749 (La. 10/15/13), __ So.3d __. In its remand to this court, the supreme court ordered that we consider the remaining issues raised by the parties which were not resolved by its decision. After complying with the supreme court order on remand, we affirm the judgment of the workers' compensation judge in all respects.

## DISCUSSION OF THE RECORD

The facts of this matter were fully addressed in both our prior opinion, *Rebel Distributors Corp., Inc. v. LUBA Workers' Compensation*, 12-909 (La.App. 3 Cir. 3/6/13), 129 So.3d 80, and the supreme court's opinion, and we adopt those facts as though fully incorporated herein. In our decision, we held that the June 29, 2007 act of assignment between Rebel Distributors/Physician Partner and Dr. Heard/Clinic violated the anti-assignment language of La.R.S. 23:1205(A) and that the November 16, 2010 agreement between Rebel Distributors/Physician Partner and Dr. Heard/Clinic to convert the original assignment agreement into a retroactive agency agreement did not qualify as an express novation sufficient to accomplish the intended result. We reached this disposition based on our conclusion that novation could not have taken place because a substantial part of the original performance was still owed and because the attempted novation merely modified the terms of the June 29, 2007 agreement rather than extinguishing it. La.Civ.Code art. 1881. Furthermore, because the workers' compensation judge (WCJ) had already declared the June 29, 2007 agreement null and void, we found that La.Civ.Code art. 1883 would prohibit a novation from having any effect where the underlying obligation to be extinguished either does not exist or is absolutely

null. Thus, we found that Rebel Distributors/Physician Partner had no right of action such that it could institute this suit. La.Code Civ.P. art. 927(A)(6).

Following our decision, Rebel Distributors/Physician Partner sought and was granted writs by the supreme court. *Rebel Distribs. Corp., Inc. v. LUBA Workers' Comp.*, 13-749 (La. 6/14/13), 118 So.3d 1092. In reversing our decision, the supreme court held that "the anti-assignment language of La. R.S. 23:1205(A) does not prohibit the assignment of a health care provider's claims to a third party, the express contractual novation was effective, and an agent can statutorily be considered a health care provider based on the definition contained in La. R.S. 23:1021(6)." *Rebel Distribs.*, __ So.3d at __.

## OPINION

### *Motion to Strike filed by Rebel Distributors/Physician Partner*

Originally, Rebel Distributors/Physician Partner raised three assignments of error on appeal, and LUBA raised eight in its appellee brief. Rebel Distributors/Physician Partner has filed a motion to strike a number of the assignments of error raised by LUBA, and we will address that motion first.

Rebel Distributors/Physician Partner asserts in its motion to strike that the fifth, seventh, and eighth assignments asserted by LUBA were not addressed in its answer to the appeal and should be stricken; and that LUBA's first, fourth, and sixth assignments of error as well as its complaints in paragraphs three, four, and five of its answer to the appeal have been decided unfavorably for LUBA by the supreme court's decision and should be stricken as well. In making this argument, Rebel Distributors/Physician Partner relies on La.Code Civ.P. art. 2133(A), which provides:

> An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or

unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee's action.

The fifth, seventh, and eighth assignments of error asserted by LUBA are as follows:

> 5.    The Trial Court erred in failing to recognize that employer/insurer is entitled to choose the pharmacy to dispense pharmaceuticals.
>
>     . . . .
>
> 7.    The Trial Court erred in failing to find that the contractual relationship between Rebel and Dr. Heard creates an illegal kickback scheme in violation of 37:1745.
>
> 8.    The Trial Court erred in failing to find that the procedure which permits each individual packager to arbitrarily set its own AWP without regard to its cost or wholesale price is in violation of 23:1034.2.

In its Answer to Appeal, LUBA alleged the following representations:

> 1.
>
> Defendant contends that the trial court erred in permitting a new trial after denying the Motion for a New Trial.
>
> 2.
>
> Defendant contends that the trial court erred in denying defendant's Exception of Res Judicata.
>
> 3.
>
> Defendant contends that the trial court erred in finding that Physician Partner had a cause of action against LUBA for worker's [sic] compensation benefits.

3

4.

Defendant contends that the trial court erred in finding that Physician Partner was an agent of Dr. Michael Heard.

5.

Defendant contends that the trial court erred in finding that contract entered into Post-Judgment was effective for transactions occurring prior to judgment.

6.

In all other respects the judgment of the trial court should be affirmed without change.

In *Carradine v. Regis Corp.*, 10-529, p. 11 (La.App. 3 Cir. 11/3/10), 52 So.3d 181, 190, we stated that La.Code Civ.P. art. 2133(A) has been interpreted, jurisprudentially, to mean "that an answer to an appeal only operates as an appeal from those aspects of the judgment about which the answer complains." Comparing LUBA's answer to the language of the three assignments of error at issue, we agree with Rebel Distributors/Physician Partner's argument that LUBA's answer to the appeal fails to address the issues raised in its fifth, seventh, and eighth assignments of error. Thus, we grant the motion to strike these assignments of error.

With regard to the second half of the motion to strike, the first, fourth, and sixth assignments of error asserted by LUBA are as follows:

1. The Trial Court erred in admitting a second contract executed the day before the hearing on Motion for New Trial which purports to negate the original contract in evidence and in effect at the time of the original hearing in July 2010.

. . . .

4. The Trial Court erred in finding that Rebel was a healthcare provider under Section 1021 (6).

. . . .

4

6. The Trial Court erred in failing to find that the contractual relationship between Rebel and Dr. Heard is an illegal assignment in violation of 23:1205.

The third, fourth, and fifth paragraphs of the answer to the appeal address whether Rebel Distributors/Physician Partner has a cause of action against LUBA, the agency issue, and the retroactive nature of the novation. All of these were addressed in Rebel Distributors/Physician Partner's favor by the supreme court, and we grant the motion to strike these arguments.

### *Remaining Matters to be Considered*

Rebel Distributors/Physician Partner has its three assignments of error left for consideration on remand:

1. The Trial Court erred in not granting injured workers in compensable Workers' Compensation claims their right to choice of pharmacy.

2. The Trial Court erred in limiting payment of the outstanding pharmacy bill's [sic] to $750.00 per Claimant under La.R.S. 23:1142.

3. The Trial Court erred in not granting penalties and attorney fees against LUBA for their failure to pay anything for the reasonable and necessary prescription medication received by Claimants.

LUBA's remaining issues on remand include the first two paragraphs of its answer to the appeal and its second and third assignments of error.

### *Rebel Distributors/Physician Partner's First Assignment of Error*

In this assignment of error, Rebel Distributors/Physician Partner argues that the WCJ erred in not granting Ms. Doucet her choice of pharmacy. However, pursuant to La.Code Civ.P. art. 927(B), we notice on our own motion that Rebel Distributors/Physician Partner's pleadings fail to state a right of action in regard to this issue. The only parties having a right of action to raise this issue are the employee, Ms. Doucet, and, possibly, the employer/insurer. However, based on

5

our grant of the motion to strike LUBA's fifth assignment of error, which also raised this issue, the only party with a right to question her choice of pharmacy is Ms. Doucet, who is not a party to this claim. Accordingly, we find no merit in this assignment.

### *Rebel Distributors/Physician Partner's Second Assignment of Error*

In this assignment of error, Rebel Distributors/Physician Partner argues that the WCJ erred in limiting the payment of the outstanding pharmacy bill to $750.00 through an erroneous application of La.R.S. 23:1142. Rebel Distributors/Physician Partner argues that the WCJ should have applied La.R.S. 23:1203 instead to award the lesser of the actual cost or the cost allowed under the reimbursement schedule for the prescribed medication at issue. We find no merit in this argument.

Louisiana Revised Statutes Article 23:1142 is located in Subpart G, entitled "ATTORNEYS AND PHYSICIANS[,]" of Part I, "SCOPE AND OPERATION[,]" of the Workers' Compensation Act. At the time of the transaction at issue in this litigation, La.R.S. 23:1142 read, in pertinent part:

> **A. Definitions.** For the purposes of this Section, the following terms shall have the following meanings unless the context clearly indicates otherwise:
>
> (1) "Payor" shall mean the entity responsible, whether by law or contract, for the payment of the medical expenses incurred by a claimant as a result of a work related injury.
>
> **B. Nonemergency care.** (1) Except as provided herein, each health care provider may not incur more than a total of seven hundred fifty dollars in nonemergency diagnostic testing or treatment without the mutual consent of the payor and the employee as provided by regulation. Except as provided herein, that portion of the fees for nonemergency services of each health care provider in excess of seven hundred fifty dollars shall not be an enforceable obligation against the employee or the employer or the employer's workers' compensation insurer unless the employee and the payor have agreed upon the diagnostic testing or treatment by the health care provider.

6

(2)(a) When the payor has agreed to the diagnostic testing or treatment, the health care provider shall not issue any demand for payment to the employee or his family until the payor denies liability for the diagnostic testing or treatment. Notwithstanding the foregoing, the health care provider may reasonably communicate with the employee or his attorney or representative for the purpose of pursuing its claim against the payor.

(b) A health care provider who knowingly and willfully violates this Paragraph may be ordered by the workers' compensation judge to pay penalties not to exceed two hundred fifty dollars per violation plus reasonable attorney fees. The penalty shall not exceed one thousand dollars for any demand for payment to an employee or his family which is issued after the health care provider has been penalized for a previous demand for payment to that employee or his family.

Louisiana Revised Statutes Article 23:1203 is located in Subpart A, entitled "General Provisions[,]" of Part II, "Benefits[.]" At the time of this transaction, it provided:

A. In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services. Medical care, services, and treatment may be provided by out-of-state providers or at out-of-state facilities when such care, services, and treatment are not reasonably available within the state or when it can be provided for comparable costs.

B. The obligation of the employer to furnish such care, services, treatment, drugs, and supplies, whether in state or out of state, is limited to the reimbursement determined to be the mean of the usual and customary charges for such care, services, treatment, drugs, and supplies, as determined under the reimbursement schedule annually published pursuant to R.S. 23:1034.2 or the actual charge made for the service, whichever is less. Any out-of-state provider is also to be subject to the procedures established under the office of workers' compensation administration utilization review rules.

C. The employer shall furnish to the employee the necessary cost of repair to or the replacement of any prosthetic device damaged or destroyed by accident in the course and scope and arising out of such employment, including but not limited to damage or destruction of eyeglasses, artificial limbs, hearing aids, dentures, or any such prosthetic devices whatsoever.

D. In addition, the employer shall be liable for the actual expenses reasonably and necessarily incurred by the employee for mileage reasonably and necessarily traveled by the employee in order to obtain the medical services, medicines, and prosthetic devices, which the employer is required to furnish under this Section, and for the vocational rehabilitation-related mileage traveled by the employee at the direction of the employer. When the employee uses his own vehicle, he shall be reimbursed at the same rate per mile as established by the state of Louisiana for reimbursement of state employees for use of their personal vehicle on state business. The office shall inform the employee of his right to reimbursement for mileage.

E. Upon the first payment for a claimant's medical care, service, or treatment, the payor, as defined in R.S. 23:1142(A)(1), shall communicate to the claimant information, in plain language, regarding the procedure for requesting an independent medical examination in the event a dispute arises as to the condition of the employee. A payor shall not deny medical care, service, or treatment to a claimant unless the payor can document a reasonable and diligent effort in communicating such information. A payor who denies medical care, service, or treatment without making such an effort may be fined an amount not to exceed five hundred dollars or the cost of the medical care, service, or treatment, whichever is more.

Although La.R.S. 23:1142(B)(1) does not specifically include prescription medication in the "nonemergency diagnostic testing or treatment" which is subject to the $750.00 cap, we find no error in the WCJ's application of La.R.S. 23:1142 to Rebel Distributors/Physician Partner's claim against LUBA. Based on its placement within the section pertaining to the provision of "Benefits" and the fact that it specifically addresses the duty or obligation of the *employer* to furnish the *employee* all necessary medical, surgical, and non-medical treatment, we find that the terms of La.R.S. 23:1203 are applicable to claims by the employee against the employer/insurer. Moreover, based on La.R.S. 23:1142's placement in that section pertaining to attorneys and what should more properly be entitled "Health Care Providers," we find that this statute applies to claims by health care providers/agents against the employer/insurer, who, as defined as the "payor[,]" is the "entity responsible, whether by law or contract, for the payment of the medical

8

expenses incurred by the claimant as a result of a work related injury." La.R.S. 23:1142(A)(1). Based on this determination, we find no merit in Rebel Distributors/Physician Partner's arguments concerning the WCJ's application of La.R.S. 23:1142 to its claims against LUBA.

### *Rebel Distributors/Physician Partner's Third Assignment of Error*

Finally, Rebel Distributors/Physician Partner argue that the WCJ erred in not awarding it penalties and attorney fees based on LUBA's failure to pay the amounts charged for Ms. Doucet's medications.

Rebel Distributors/Physician Partner's argument on this issue is limited to three sentences: "LUBA has paid nothing for medications which were reasonable and necessary to its compensable Workers' Compensation Claimants. This is contrary to law. LUBA did not even offer to pay what they thought may be a lesser amount they could pay through their pharmacy benefit manager. They simply paid nothing!"

LUBA's argument, on the other hand, is based on its claim that the employer/insurer has the right to designate the pharmacy through which its workers' compensation claimants receive the medications necessary for treating their work-related injuries. It further argues that its actions in denying payment of Rebel Distributors/Physician Partner's claims were neither unreasonable nor arbitrary and capricious as the claims presented novel legal issues and it provided reasonable notice to Rebel Distributors/Physician Partner and Dr. Heard/Clinic that it would no longer authorize or pay for the medications dispensed by Dr. Heard/Clinic, which notice was ignored by Dr. Heard/Clinic.

9

The WCJ's reasons for denying Rebel Distributors/Physician Partner's claims for penalties and attorney fees were three-fold. In her oral reasons for judgment, she stated:

> I find that the employer and insurer in these matters had reasonable legal justification under various grounds. One, whether the plaintiff met the definition of healthcare provider. Two, the fact that the insurer had notified the plaintiff that it would not pay, and plaintiff continued to dispense. And that's the reason I went with the Seven Hundred and Fifty Dollar cap. I don't know that as a practical matter, if it makes any difference; but I do note that the plaintiff, Dr. Heard, continued to dispense after they were informed there would not be any payment forthcoming. And three, because of the issue of whether the employer's right to choose a pharmacy is an unfettered one.

Without addressing LUBA's right to choose the dispensing pharmacy, as that issue is not before us, we find no error in the WCJ's denial of penalties and attorney fees. With regard to penalties and attorney fees, La.R.S. 23:1142 provides in part:

> **D. Fees and expenses.** If the payor has not consented to the request to incur more than a total of seven hundred fifty dollars for any and all nonemergency diagnostic testing or treatment when such consent is required by this Section, and it is determined by a court having jurisdiction in an action brought either by the employee or the heath care provider that the withholding of such consent was arbitrary and capricious, or without probable cause, the employer or the insurer shall be liable to the employee or health care provider bringing the action for reasonable attorney fees related to this dispute and to the employee for any medical expenses so incurred by him for an aggravation of the employee's condition resulting from the withholding of such health care provider services.

> **E. Exception.** In the event that the payor has denied that the employee's injury is compensable under this Chapter, then no approval from the payor is required prior to the provision of any diagnostic testing or treatment for that injury.

Also, at the time of these transactions, La.R.S. 23:1201 (emphasis added) provided with regards to penalties and attorney fees:

> E. Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof.

10

F. Except as otherwise provided in this Chapter, failure to provide payment in accordance with this Section or failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars. An award of penalties and attorney fees at any hearing on the merits shall be res judicata as to any and all claims for which penalties may be imposed under this Section which precedes the date of the hearing. Penalties shall be assessed in the following manner:

. . . .

(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.

. . . .

(4) *In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider.* This Subsection shall not be construed to provide for recovery of more than one penalty or attorney fee.

A workers' compensation claim has been "reasonably controverted" if the employer/insurer "possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant[.]" *Brown v. Texas-LA Cartage, Inc.*, 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890. Stated another way, the employer/insurer "must have some valid reason or evidence upon which to base [its] denial of benefits." *Id.* Furthermore, the decision to cast an employer with penalties and attorney fees is a question of fact subject to the

11

manifest error standard of review. *Brown v. Lafayette Ass'n of Retarded Citizens, Inc.*, 11-1595 (La.App. 3 Cir. 6/20/12), 94 So.3d 950.

The WCJ, a three-judge panel of this court, and a divided supreme court considered the novel legal issues raised in this matter (the definition of a health care provider, the assignability of workers' compensation claims, and the novation of the agency agreement) and reached different conclusions on the merits. Given this background, we find that LUBA reasonably controverted the claims at issue. Such a finding also precludes a finding that LUBA was arbitrary and capricious in failing to pay the claims at issue. We find no manifest error in the WCJ's denial of penalties and attorney fees and no merit in this assignment of error.

### *LUBA's Remaining Issues on Appeal*

In its answer to the appeal, LUBA asserted that the WCJ erred in granting Rebel Distributors/Physician Partner a new trial even after it had rejected the motion for new trial. In both its answer to the appeal and its assignments of error, LUBA asserted that the WCJ erred in rejecting its exception of res judicata. Finally, in its remaining assignment of error, LUBA asserts that the WCJ erred in signing a second judgment rejecting its exceptions and summary judgment after having, on the day before, signed a judgment rejecting the motion for new trial filed by Rebel Distributors/Physician Partner.

While we did not directly address this issue in our original opinion, we set forth what we construed as the procedural history related to the new trial issue and, in doing so, stated the following:

> The trial record before us presents a most confusing procedural history, and the minutes of the various hearings are woefully lacking in detail concerning what issue the WCJ considered on a given day in court as well as the disposition of that issue. Our understanding of the record is that on July 16, 2010, the WCJ granted the initial peremptory exception of no right of action filed by Acadiana/LUBA in the

12

response to the original Form 1008, despite having allowed the first amendment to the original Form 1008 the day before. We interpret this action to mean that the WCJ concluded that the change of the plaintiff's identification to Rebel Distributors/Physician Partner was not sufficient to cure the defect raised by the exception of no right of action, and we agree with that conclusion. We also agree that the WCJ had full authority to grant Rebel Distributors/Physician Partner and/or Physician Partner forty-five days to amend the claim to state a right of action. *See* La.Code Civ.P. art. 934. Judgment granting the exception of no right of action was signed by the WCJ on August 12, 2010, and the forty-five days began to run from that day. However, before the forty-five days had run, Rebel Distributors/Physician Partner timely filed a motion for new trial. Additionally, before the motion was ruled upon, Rebel Distributors/Physician Partner filed its second amendment to the original Form 1008 and provided the WCJ with the November 16, 2010 agreement.

As we appreciate the WCJ's actions with regard to the December 15, 2010 hearing and the written judgments arising from that hearing, the WCJ combined all of the prior issues with issues not yet heard and disposed of everything at one time. To reconcile the actions of the WCJ in this regard, it is necessary to consider each ruling independently of the other.

We conclude that the WCJ's denial of Physician Partner's motion for new trial was rendered before the consideration of any of the other pending issues. That is to say, the first amendment to the original Form 1008 did not establish that Physician Partner or the newly named plaintiff, Rebel Distributors/Physician Partner was the right party to institute this action. Thus, the WCJ concluded that a distributor or packager of pharmaceuticals who has been assigned the ownership of the claim of a licensed Louisiana physician cannot maintain an action under the Louisiana Workers' Compensation law, because neither is a health care provider as defined in La.R.S. 23:1021(6).

We read the record to conclude that having made that decision, the WCJ then ordered that the second amendment of the original Form 1008 be filed. The WCJ then concluded that the filing and the November 16, 2010 agreement retroactively changed the June 29, 2007 agreement to one of agency, and that the agent (Rebel Distributors/Physician Partner) could bring this action on behalf of its principal (Dr. Heard/Clinic). Declaring the capacity defect cured, the WCJ then rejected the exceptions of no right and no cause of action and the motion for summary judgment filed by Acadiana/LUBA.

*Rebel Distribs.*, 129 So.3d at 90-91.

13

The judgments complained of by LUBA arise from this same convoluted procedural history. As stated in our prior opinion:

> In a written judgment executed on February 21, 2011, the WCJ denied the motion for new trial filed by Physician Partner and granted Rebel Distributors'/Physician Partner's motion to file the second supplementation and amendment of the original Form 1008. On that same day, the WCJ executed a separate order granting a January 19, 2011 motion filed by Rebel Distributors/Physician Partner to consolidate eighteen other cases with the instant case. The next day, the WCJ issued a second judgment denying Acadiana's/LUBA's motion for summary judgment, its exception of no cause of action, and its exception of no right of action.

*Id.* at 87.

We continue to construe the procedural history in this manner and find no merit in any of LUBA's remaining arguments on appeal.

## DISPOSITION

For the foregoing reasons, we affirm the judgment of the workers' compensation judge in all respects. The costs of this appeal are assessed equally between the plaintiff, Rebel Distributors Corp., Inc. d/b/a Physician Partner and Pharmacy Partner, and the defendants, LUBA Casualty Insurance Company and Acadiana Plastics Manufacturing, Inc.

**AFFIRMED.**

12-909 consolidated with 12-910, 12-911, 12-912, 12-913, 12-914, 12-915,
12-916, 12-917, 12-918, 12-919, 12-920, 12-921, 12-922,
12-925, 12-926, and 12-927

REBEL DISTRIBUTORS CORP., INC. d/b/a PHYSICIAN PARTNER AND
PHARMACY PARTNER (MARY DOUCET)

VERSUS

LUBA WORKERS' COMP., ET AL.

**THIBODEAUX, Chief Judge, dissenting in part.**

The majority affirms the judgment of the Office of Workers' Compensation limiting the payment of the outstanding pharmacy bill to $750.00 pursuant to La.R.S. 23:1142. In my view, that is erroneous.

Louisiana Revised Statutes 23:1142(B)(1) and (B)(2)(a) repeatedly refer to "diagnostic testing" and "treatment." It does not, as the majority opinion concedes, include prescription medication as part of nonemergency diagnostic testing or treatment. The diagnostic testing and treatment are the only matters that are subject to the $750.00 cap, not medication.

The more specific provisions of Part II of Chapter 10 entitled "Benefits" should properly apply. Louisiana Revised Statutes 23:1203(A)(B)(D) and (E) all specifically refer to "drugs," "supplies," or "services." The majority, in my view, is interpreting La.R.S. 23:1203 much too restrictively and focuses undue attention on references to "employer" and "employee."

For the foregoing reasons, I respectfully dissent in part.