# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 15-283


**LAFAYETTE BONE & JOINT CLINIC (CHARLES MORRIS), ET. AL.**

**VERSUS**

**LOUISIANA UNITED BUSINESS SIF, ET. AL.**



**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 08-23957
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**DAVID KENT SAVOIE**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and David Kent Savoie, Judges.


**AMENDED IN PART,**
**REVERSED IN PART, AND RENDERED.**

**Jeffrey C. Napolitano**
**Juge, Napolitano, Guilbeau, Ruli & Freiman**
**3320 W. Esplanade Ave. North**
**Metairie, LA 70002**
**(504) 831-7270**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
    **LUBA Casualty Insurance Company**
    **Wallace Wiltz Concrete, Inc.**

**Thomas A. Filo**
**Cox, Cox, Filo, Camel & Wilson, L.L.C.**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
    **Louis C. Blanda MD**
    **Lafayette Bone & Joint Clinic**

**Lawrence C. Billeaud**
**Attorney at Law**
**706 West University Avenue**
**Lafayette, LA 70506**
**(337) 266-2055**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
    **Louis C. Blanda MD**
    **Lafayette Bone & Joint Clinic**

**SAVOIE, Judge.**

This is one of two workers' compensation matters now before us involving an identical dispute between a health care provider and an employer/workers' compensation insurer over reimbursement for physician-dispensed medication provided in connection with the employee's authorized office visits with his treating physician. The two matters were tried together, but never consolidated, and they were appealed separately.[1]

After trial, the workers' compensation judge (WCJ) limited the health care provider's reimbursement for the medication to $750.00 under La.R.S. 23:1142, finding that the medication was not authorized. The WCJ also denied the health care provider's claim for penalties and attorney fees.

For the following reasons, we amend the judgment to award reimbursement for the medication in the full amount charged, reverse the judgment in part, and award the health care provider penalties and attorney fees.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts in this case are largely undisputed. In April 2008, Charles Morris was injured in the course and scope of his employment with Wallace Wiltz Concrete, Inc. (Wallace Wiltz). According to the WCJ's ruling, LUBA Casualty Insurance Company (LUBA)[2] was Wallace Wiltz's workers' compensation self-insured fund, and later insurer. Mr. Morris was treated by Dr. Louis Blanda with Lafayette Bone and Joint Clinic for work-related injuries.

On June 5, 2008, LUBA sent Dr. Blanda a letter indicating generally that it would no longer provide reimbursement for medications that Dr. Blanda dispensed

---

[1] The other matter on appeal bears docket number 15-284.

[2] According to LUBA's Answer, the original Disputed Claim for Compensation Form incorrectly referred to LUBA as "Louisiana United Business SIF."

to workers' compensation claimants. The letter asked Dr. Blanda to direct patients to a retail pharmacy to fill their prescriptions. LUBA submits that it made a business decision to no longer reimburse for physician-dispensed medication because it is significantly more expensive under the workers' compensation fee schedule than the same medication obtained from a retail pharmacy.

LUBA also submits that it contracted with a Pharmacy Benefits Manager (PBM), and that the PBM sent a prescription card to all LUBA workers' compensation claimants with a letter encouraging, *but not requiring*, them to use the card for drugs prescribed by an authorized workers' compensation physician. LUBA further admits that it did not notify Mr. Morris that it would no longer pay for physician-dispensed medication.

Simone Clark testified on behalf of Lafayette Bone and Joint Clinic and indicated that prior to June 5, 2008, LUBA had paid over $750.00 for treatment rendered to Mr. Morris. According to Sandy Guidry, a billing supervisor for medication dispensed at Lafayette Bone and Joint Clinic, prescription medication for injured workers was distributed at the time the injured worker came in for an office visit.

On the following dates, Dr. Blanda and/or Lafayette Bone and Joint Clinic dispensed medication to Mr. Morris in connection with his office visits with Dr. Blanda: June 17, 2008; July 29, 2008; August 19, 2008; September 5, 2008; October 16, 2008; and December 5, 2008. The billed charges for this medication totaled $1,470.02. The parties stipulated that the billed charges were at or below the rate set forth by the workers' compensation fee schedule.

LUBA authorized and paid for Mr. Morris's office visits with Dr. Blanda after June 5, 2008. However, LUBA denied the health care provider's claims for

reimbursement for Mr. Morris's medication, referring to the June 5, 2008 letter. According to LUBA, Mr. Morris was authorized to take the medication that had been prescribed by Dr. Blanda, and the medication was reasonable and necessary, but Dr. Blanda and/or Lafayette Bone and Joint Clinic were not authorized to dispense the medication.

On November 3, 2008, "Louis C. Blanda MD Attn: Lafayette Bone and Joint Clinic" submitted a Disputed Claim for Compensation against Wallace Wiltz Concrete and LUBA seeking reimbursement for the medication dispensed to Mr. Morris in 2008, as well as penalties and attorney fees for arbitrary and capricious handling of the claim.

Trial of the matter was held on February 24, 2014. On November 25, 2014, the WCJ rendered judgment in favor of Lafayette Bone and Joint Clinic and against Wallace Wiltz and LUBA, but limited reimbursement for the medication to $750.00 under La.R.S. 23:1142, after finding that the medication was unauthorized.

In her written reasons for ruling, the WCJ indicated her reliance on *Bordelon v. Lafayette Consolidated Government,* 14-304 (La.App. 3 Cir. 10/1/14), 149 So.3d 421, *writ denied,* 14-2269 (La. 2/6/15), 158 So.3d 816; *Rebel Distributors Corp., Inc. v. LUBA Workers' Comp.,* 12-909 (La.App. 3 Cir. 4/2/14), 137 So.3d 91; and *Sigler v. Rand,* 04-1138 (La.App. 3 Cir. 12/29/04), 896 So.2d 189 *writ denied,* 05-278 (La. 4/1/05), 897 So.2d 611.

Dr. Blanda appealed.

## ASSIGNMENTS OF ERROR

On appeal, the health care provider asserts the following assignments of error:

3

1. The trial court committed manifest error insofar as it failed to order defendant to pay for all prescription medications which LUBA admits were compensable, reasonable, necessary, and were pre-authorized as part of the treatment of the injured worker, and which were billed at rates set by the fee schedule promulgated pursuant to the workers['] compensation act.

2. The trial court committed manifest error insofar as it failed [to] award penalties and attorney fees for complete non-payment of any amount of the prescription medications before the trial of the above[-]captioned matter.

## DISCUSSION

For the reasons set forth in *Lafayette Bone & Joint Clinic v. Guy Hopkins Construction Co.*, 15-284 (La.App. 3 Cir. __/__/15), __ So.3d ___, the judgment of the trial court is amended in part to award Lafayette Bone and Joint Clinic and Dr. Louis C. Blanda MD[3] $1,470.02, for medications dispensed in 2008 for employee Charles Morris, subject to a credit for any sums paid.

We further reverse the trial court's denial of the health care provider's claim for penalties and attorney fees for the reasons set forth in *Lafayette Bone & Joint Clinic v. Guy Hopkins Construction Co.*, 15-284 (La.App. 3 Cir. __/__/15), __ So.3d ___.

We award $2,000.00 in penalties in favor of Lafayette Bone and Joint Clinic and Louis C. Blanda MD and against LUBA, in accordance with La.R.S. 23:1201(F). We further award $3,375.00 in attorney fees in favor of Lafayette Bone and Joint Clinic and Louis C. Blanda MD, and against LUBA, based on evidence submitted at trial showing attorney fees incurred for thirteen and one-half hours of billed time at a rate of $250.00 per hour, which we find to be reasonable. We also award an additional $750.00 in attorney fees in favor of Lafayette Bone

---

[3] We further amend the judgment to be in favor of both Lafayette Bone and Joint Clinic and Louis C. Blanda MD, so that it is consistent with the procedural history of this case as reflected above.

4

and Joint Clinic and Louis C. Blanda MD, and against LUBA, for attorney fees incurred in connection with this appeal.

**AMENDED IN PART, REVERSED IN PART, AND RENDERED.**