WEIMER, J.,
dissenting.
| j Respectfully, in my estimation, the majority neatly but erroneously sidesteps the issue which has split the circuits: whether the employer/payor has the right to determine where the employee can have a prescription filled and whether the dispensing of prescription medication constitutes “nonemergency diagnostic testing or treatment” so as to trigger the provisions of La. R.S. 23:1142.
The dispensing of medication (as distinguished from prescribing or administering medication) is neither nonemergency diagnostic testing nor nonemergency treatment. Louisiana R.S. 23:1142(B), by its language, governs “nonemergency diagnostic testing” and “nonemergency ... treatment”; thus, La. R.S. 23:il42(B), by its language, does not apply to the dispensing of medication. See Rebel Distributors Corp., Inc. v. LUBA Workers’ Comp., 12-909, p. 1 (La.App. 3 Cir. 4/2/14), 137 So.3d 91, 101 (Thibodeaux, C.J., dissenting in part). Accordingly, under the law as written, the employee’s recovery for costs of dispensed medication is not capped at $750.
li>The employer is required by La. R.S. 23:1203 to supply medication. Unlike La. R.S. 23:1121(B), governing the selection of a “treating physician,” the employee is not afforded an absolute right to select a pharmacy. With the employer’s obligation to supply medication comes the authority to advise what pharmacy can be used by the employee, provided the employer’s/payor’s direction in this respect is not arbitrary or capricious and provided, of course, that the medication is furnished in a timely fashion.[1] See Downs v. Chateau Living Ctr., *1127 14-672, p. 9 (La.App. 5 Cir. 1/28/15), 167 So.3d 875, 881; Bordelon v. Lafayette Consolidated Government, 14-304, pp. 2-3 (La.App. 3 Cir. 10/1/14), 149 So.3d 421, 422-23, writ denied, 14-2296 (La.2/6/15), 158 So.3d 816; Sigler v. Rand, 04-1138, pp. 14-15 (La.App. 3 Cir. 12/29/04), 896 So.2d 189, 198, writ denied, 05-0278 (La.4/1/05), 897 So.2d 611.
Acting within the statutory scheme, the payor advised Lafayette Bone & Joint Clinic that it was not an acceptable provider of medication and instructed it to cease from dispensing medications to the employees in question.[2] This was a rational choice made by the payor given the cost differences involved.[3] Accordingly, under the facts of this case, the payor is not legally responsible for the cost of the medication dispensed once the payor notified Lafayette Bone & Joint Clinic to stop ladispensing medication to these employees. For this same reason, the Office of Workers’ Compensation judge did not err in failing to assess penalties and attorney fees.
For these reasons, I respectfully dissent.

. Lafayette Bone & Joint Clinic ignored the notifications and continued to dispense medication to these employees rather than utilizing the procedures set forth in the workers’ compensation law for challenging the insurer’s refusal to include Lafayette Bone & Joint Clinic in its list of approved pharmaceutical providers. See Lafayette Bone & Joint Clinic (Charles Morris), 15-2137, 15-2138, Op. at 1119-20.

. As noted by the majority, the payor "was attempting to ‘get the exact same drug for half or an eighth of the price' of the amount billed by the plaintiff/health care providers ‘without costing the claimant anything.'” Lafayette Bone & Joint Clinic (Charles Morris), 15-2137, 15-2138, Op. at 1122.