GUIDRY, J.,
concurs and assigns reasons.
_|jl concur in the result but write separately to express my view that the payor acted within its authority to withdraw authorization from the physicians to dispense medications to LUBA claimants. The employer’s duty to furnish prescription medications is addressed in La. R.S. 23:1203(A): “the employer shall furnish all necessary drugs, ... and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services.” However, the employer does not violate its obligation to the employee when it chooses to have his prescriptions filled by a different pharmaceutical company, so long as that choice is reasonable and there are no deficiencies in the filling of the employee’s prescriptions in a timely manner. See Downs v. Chateau Living Ctr., 14-672, p. 9 (La.App. 5 Cir. 1/28/15), 167 So.3d 875, 881; Bordelon v. Lafayette Consolidated Government, 14-304, pp. 2-3 (La.App. 3 Cir. 10/1/14), 149 So.3d 421, 422-23, writ denied, 14-2296 (La.2/6/15), 158 So.3d 816; Sigler v. Rand, 04-1138, pp. 14-15 (La.App. 3 Cir. 12/29/04), 896 So.2d 189, 198, writ denied, 05-0278 (La.4/1/05), 897 So.2d 611.
Here, the payor invited comment before ultimately placing the plaintiff/health care provider on notice that LUBA would no longer reimburse for 12physician~dispensed medication because it is significantly more expensive under the workers’ compensation fee schedule than the same medication obtained from a retail pharmacy. That decision by the payor was not shown to be unreasonable or to result in any deficiencies in filling the employee’s prescriptions, *1128 as' the record established the employee could present his prescription to any retail pharmacy. Moreover, the OWC judge found there was a substantial benefit to employees in having their prescriptions managed by a licensed pharmacist. Accordingly, under the facts of this case, I do not find the payor was legally responsible for the cost of medication dispensed after the plaintiff/health care provider was placed on notice, subject to the reimbursement restriction in La,Rev.Stat. 23:1142.