No. 669

First Circuit

DAY v. ALLEN

(June 30, 1930. Opinion and Decree.)

Robt. T. Carter, of Greensburg, attorney for plaintiff, appellee.

B. & M. Purser, of Amite, attorneys for defendant, appellant.

LeBLANC, J. Plaintiff brought this petitory action against the defendant, praying to be decreed the owner and placed in possession of lot 3 of section 6, township 2, south of range 5 east, containing 38.60 acres of land. He avers that the defendant is in the actual, physical possession of the property described, without title thereto, and refuses to deliver possession to him without any good or legal excuse.

The defense puts the title at issue, defendant alleging that he has title to the property through his mother who had acquired it in a partition between Demarcus Davenport Day and his children, after he had contracted a second marriage. He then avers that by error of the civil engineer who surveyed the property and made a plat thereof, and also of the notary who prepared the deed, the proper description was omitted from the act of partition. By this error he claims that his mother's muniment of title is to the wrong tract of land, and that she actually did take possession of the property in dispute, and so remained until she sold it to him, and he has continued in that possession since the date of his acquisition.

It would appear from the foregoing statement of the pleadings and issues in the case that the act of partition and plot of survey referred to would form an important and necessary part of the proof required to correctly decide the question presented. Indeed, the transcript of evidence shows that they both, as well as other documents, were offered in evidence by counsel, for the defendant, but we find none of them in the record. We presume the district judge had them before him, or had access to them, in his consideration of the case. We deem it important that they should be in the record before us for ours. As it does not appear by whose fault it is that they are not in the record, we have concluded that the proper proceeding to take is to suspend judgment for the present and remand the case to the district court for completion of the record.

It is therefore ordered that this case be remanded to the district court for the purpose of supplying the record with the missing documents which have been offered in evidence.