PETERS, J.
hWe set forth the factual background in OMNI Energy Services Corp. v. Rhyne, 14-251 (La.App. 3 Cir. 10/15/14), 150 So.3d 509, 2014 WL 5151392, and, in turning to the third of the consolidated cases, we note that in their December 23, 2013 filing seeking a devolutive appeal,[1] Rhyne and Trauth asserted only that they were appealing the November 10, 2013 judgment “granting in part, and denying in part, [their] Motion for New Trial dismissing [their] claims against some, but not all, of Defendants-in-Reconvention.” Additionally, although the December 26, 2013 Notice of Appeal issued by the Lafayette Parish Clerk’s Office references the docket numbers assigned to both Lafayette Parish Suit I and Lafayette Parish Suit II, the motion and order filed by Rhyne and Trauth reference only the trial court docket number assigned to Lafayette Parish Suit I. The Lafayette Parish Clerk’s Office notice of appeal resulted in this court erroneously assigning a second appeal docket number to this litigation. When the matter became docketed before this court, Lafayette Parish Suit I was given Docket Number 14-322, and Lafayette Parish Suit II was given Docket Number 14-323. However, the only issues before this court arise from Lafayette Parish Suit I, and we, therefore, dismiss Docket Number 14-323 as having no issue for this court to consid *1012 er. We assess all costs of this appeal to Robert H. Rhyne, Jr. and Brent Trauth.
APPEAL DISMISSED.

. The trial court executed the order attached to the Notice of Appeal granting Rhyne and Trauth a devolutive appeal on December 19, 2013, but the Notice and Order were not filed until December 23, 2013.