Saunders, J.,
concurring.
| ¶ This entire litigation was set into motion by the defendant’s failure to timely file a 2013 Tier 3 Annual Personal Financial Disclosure Statement. The statute requiring such a filing was passed in the recent years under the auspices of transparency in government. This and other similar regulatory requirements are often handled by clerical staff, accountants, or attorneys working for elected public officials. These staff members are trained to handle ministerial matters of this type and work these duties into their daily routine. Persons elected to some of the less high profile offices in the state, such as alderman of smaller communities like Vida-lia, often have no clerical staff, accountants, or attorneys at their disposal and the public officials are often paid little or no remuneration for their services. In these circumstances, the requirements can be challenging and onerous and, in some circumstances, a real hardship. Nevertheless, the Legislature has seen fit to impose the same requirements on these officials as those of the more high profile category.
The imposition of a fine of $1500.00 for failure to file a disclosure report might indeed be considered harsh in the case of a public official from a small community serving in a position with little or no remuneration. Under these circumstances, it is easy to argue that the proposed disposition by the district judge to allow the candidate to run upon payment of the outstanding balance seems |2equitable, fair, reasonable, and that it achieves the purposes mandated by the Legislature. Under these circumstances, the passion that the law has for allowing persons to seek elected office would seem to suggest that an affirmation of the trial judge might be appropriate. See e.g. Louisiana Bd. of Ethics v. Wilson, 14-925 (La.App. 3 Cir. 9/9/14), 161 So.3d 785, writ denied, 14-1908 (La.9/15/14), 148 So.3d 938. This, however, is not the case. When the law is clear, the court shall not ignore the letter of the law in looking for the spirit. La.Civ.Code art. 9; La.R.S. 1:4, Judicial restraint mandates that we follow the clear wording of the statutory law and the jurisprudence of our supreme court. Under these circumstances, we must reverse. Nevertheless, it is with great discomfort and reservation that I concur in the result, noting that the greater purpose and greater equity of the law may be undermined by an overly strict application of statutory law, which may fairly be called draconian, and, if properly challenged, might well be found to be unconstitutional. We may, at least, hope that the Legislature, in the foreseeable future, will revisit this most awkward statutory mandate.