# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-794


SALVADOR COSCARART

VERSUS

GINA LOUISE BEAUGH COSCARART


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 08-C-0208-B
HONORABLE ADAM GERARD CASWELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and John E. Conery, Judges.


**AFFIRMED AS AMENDED.**


**Jack Derrick Miller**
**Attorney at Law**
**P. O. Box 1650**
**Crowley, LA 70526**
**(337) 788-0768**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Gina Louise Beaugh Coscarart**

**Randall M. Guidry**
**Durio, McGoffin, Stagg & Ackerman**
**PO Box 51308**
**Lafayette, LA 70505**
**(337) 233-0300**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Salvador Coscarart**

**Nicole B. Breaux**
**Attorney at Law**
**415 N. Parkerson Ave.**
**Crowley, LA 70527-1650**
**(337) 783-0888**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Gina Louise Beaugh Coscarart**

**SAUNDERS, Judge.**

Gina Coscarart ("Gina") appeals from the judgment of the trial court increasing the amount of final spousal support to be paid by her former husband Salvador Coscarart ("Sal"). We find that the trial court abused its discretion in its increase of alimony, amend the judgment, and affirm as amended.

**FACTS AND PROCEDURAL HISTORY**

Sal and Gina married in 1980 and divorced in 2008. Their former community has been partitioned. By written judgment dated October 31, 2013, Sal was ordered to pay $900.00 per month to Gina in final spousal support. Sal appealed and the judgment was affirmed. *Coscarart v. Coscarart*, 14-84 (La.App. 3 Cir. 6/18/14)(unpublished opinion).

The litigation between the parties continued and on March 11, 2015, Gina filed a rule to show cause why the final spousal support should not be increased. The parties stipulated to Gina's need of support. At trial, the only evidence submitted was the affidavits and testimony of the parties. In her affidavit, Gina claimed that her gross monthly income was $478.00 and her expenses were $3,340.71. Sal agreed that Gina's affidavit truly and accurately reflected Gina's income and expenses. In his affidavit, Sal claimed that his gross monthly income was $8,069.19, his net monthly income was $5,630.28, and that his monthly expenses were $4,831.14.

By judgment signed on July 20, 2015, Sal was ordered to pay to Gina final spousal support in the amount of $1,200.00 per month. In its oral reasons for judgment, the trial court explained that it found that Gina was clearly in need, that Sal's net monthly income was $6,630.00 when the rental payments on his former home were considered, that Sal submitted no evidence to support his affidavit, and that Sal testified he was no longer paying certain expenses listed on his affidavit.

The trial court did not make a finding as to the precise amount of Sal's monthly expenses or disposable income, but found that Sal "clearly can pay twelve hundred a month in spousal support." Gina appeals the judgment, asserting she should have been awarded more alimony.

## ASSIGNMENT OF ERROR

In her sole assignment of error, Gina asserts that:

The lower court erred, as a matter of law, in failing to consider the true financial obligations of Sal after he expressly acknowledged that $1,592.50 of his monthly claimed expenses did not exist; that he had absolutely no documentation for his other claimed expenses of $702.00 per month; and that one of his expense figures was actually $100.00 in excess of the true amount. Those incorrect amounts (those in addition to the $1,592.50 of nonexistent expenses), total $961.50; and should have resulted in a substantially greater award of monthly spousal support. This is especially so when one considers that the court had "easily" determined that Gina had a net need of $2,862.71 (expenses of $3,340.71 -income of $478.00).

## STANDARD OF REVIEW AND APPLICABLE LAW

An award of final spousal support is reviewed for abuse of discretion. *Bhati v. Bhati*, 09-1030 (La.App. 3 Cir. 3/10/10), 32 So.3d 1107. Louisiana Civil Code Article 112 requires that, in awarding final spousal support, "[t]he court shall consider all relevant factors. . . including[:]"

     (1)   The income and means of the parties, including the liquidity of such means.

     (2)  The financial obligations of the parties.

     (3)  The earning capacity of the parties.

     (4)  The effect of custody of children upon a party's earning capacity.

     (5)   The time necessary for the claimant to acquire appropriate education, training, or employment.

     (6)  The health and age of the parties.

     (7)  The duration of the marriage.

(8) The tax consequences to either or both parties.

Additionally, La.Civ.Code art. 112 requires that the award of final spousal support "shall not exceed one-third of the obligor's net income."

## DISCUSSION

At trial, Sal testified that he was receiving $1,100.00 per month from the rental of his home. This income was not included on his affidavit. He further testified that $100.00 of that amount was used to maintain the lawn. Further, Sal testified that he receives a yearly Christmas bonus in the amount of $1,000.00, which was also not included on his affidavit.

On his affidavit, Sal claimed to expend $85.00 per month on transportation, which he asserted was the cost of washing the company vehicle provided to him for both business and personal use, $180.00 per month on yard care, $60.00 on gas and oil, which he claimed was for the maintenance of his motor cycle, which was no longer operable, $10.00 per month for motorcycle repairs, $175.00 per month on dental maintenance, $50.00 per month on internet service, $50.00 per month on haircuts, $500.00 per month on credit card bills, $156.00 per month on appliance insurance, $222.50 per month on life insurance, $30.00 per month on holiday expenses, $10.00 per month on books and magazines, $50.00 per month in charitable contributions, and $40.00 per month in activity fees. However, at trial, he testified that these expenses no longer existed.

On his affidavit, Sal also claimed $30.00 per month in laundry and cleaning costs, $50.00 per month in costs for over-the-counter medication, $160.00 per month in other medical expenses, $150.00 for electricity at the home of his new spouse, $139.00 per month of cable at his wife's home, $20.00 per month on natural gas at his wife's home, and $142.00 per month for the cellular phone bill. However, he testified that he "[did] not know how much [he] spent" on these items.

3

Additionally, Sal submitted no documentation of any of these expenses. Sal further claimed expenses for legal fees in the amount of $500.00 per month, but submitted no documentation of such expense at trial.

On the basis of the record, we find that the trial court committed an abuse of discretion in the amount awarded to Gina. Sal clearly testified that many of the claimed expenses no longer existed and that he did not know the amount he spent on others. Moreover, he submitted no documentation to substantiate the claimed expenses of which he was unsure of the amount spent by him. In the absence of any documentation of these speculative expenses, we decline to consider them.

On the record before us, we find that Sal's gross monthly income to be $9,152.52, which includes his claimed salary of $8,069.19, $1,100 per month in rental income less the $100.00 lawn expense on the property, and $1,000 per year in an annual bonus, which translates to $83.33 per month. On his affidavit, he reported payroll deductions of $2,388.91, resulting in a net monthly income of $6,763.61.

We further find that the expenses he admitted no longer existed, as well as the expenses for which he could not specify an amount and for which he submitted no documentation, must be excluded from the calculation of his total monthly expenses. Thus, we find that his monthly expenses total $858.16 for the mortgage note on his rental property, $40.50 for an alarm expense, $100.00 per month in maintenance, $25.00 per month for pest control, $350.00 for food, $25.00 per month for household supplies, $30.00 per month for clothing, $85.00 per month for vehicle insurance, $459.09 for medical insurance, and $80.00 per month for meals away from home, which totals $2,052.75. We further conclude that Sal's disposable income equals $4,710.86, which is his net income less the documented expenses of $2,052.75.

4

The amount by which the payee's allowable monthly expenses exceeded his or her income is the appropriate award of final periodic spousal support. *See King v. King*, 48,881 (La.App. 2 Cir. 2/26/14), 136 So.3d 941. On the stipulation of the parties, Gina has a monthly income of $478.00 and her expenses were $3,340.71. Thus, her expenses exceed her income by $2,862.71 per month. In ordering Sal to pay Gina final periodic spousal support in the amount of $1,200.00 per month, the trial court's figure was significantly lower than the amount of need stipulated by the parties. Thus, we amend the trial court award to require Sal to pay Gina final periodic spousal support in the amount of $1,570.29 per month, which is one-third of his income per month after payroll deductions and expenses. La.Civ.Code art. 112.

### *Decree*

For the foregoing reasons, the judgment of the trial court is affirmed, as amended. Costs of this appeal are assessed to Appellee, Salvador Coscarart.

**AFFIRMED AS AMENDED.**