NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 15-1188


THOMAS NEARHOOD

VERSUS

FITNESS PARTNERS OF PINEVILLE, ET AL.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 248,664
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**********

JOHN E. CONERY

JUDGE

**********

Court composed of, Judges Sylvia R. Cooks, Billy H. Ezell and John E. Conery.


APPEAL DISMISSED AND REMANDED.


Ernie Lynn Vallery
Attorney at Law
526 Murray St.
Alexandria, LA 71301
(318) 442-6565
COUNSEL FOR PLAINTIFF/APPELLANT:
    Thomas Nearhood

**Andrew David Weinstock**
**Duplass, Zwain & Bourgeois**
**3838 N. Causeway Blvd Ste 2900**
**Metarie, LA 70002**
**(504) 832-3700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Precor, Inc.**

**Ashley C. Wimberly**
**Attorney at Law**
**Post Office Box 1629**
**Baton Rouge, LA 70821**
**(255) 214-1908**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Fitness Partners of Pineville**

**CONERY, Judge.**

Upon the lodging of the record in the above-captioned appeal, this court issued a rule for the appellant, Thomas Nearhood, to show cause, by brief only, why the appeal should not be dismissed as having been taken from a judgment lacking proper decretal language. In addition, the appellees, Fitness Partners of Pineville, LA, and Precor Incorporated, filed separate Motions to Dismiss raising the same procedural defect. The appellant has filed his appellate brief, and in his brief responded to this court's rule by stating that the judgment does lack proper decretal language. For the reasons assigned, we dismiss the appeal at appellant's cost.

The appealed judgment reads, in pertinent part:

> Considering the pleadings, memoranda, argument of counsel, law, and evidence, **IT IS ORDERED, ADJUDGED AND DECREED** that the Exception of Res Judicata filed by **FITNESS PARTNERS OF PINEVILLE, LA** is **GRANTED.**
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Exception of Res Judicata filed by **PRECOR INCORPORATED** is hereby **GRANTED.**

This court has stated:

> "A judgment that determines the merits in whole or in part is a final judgment." La.Code Civ.P. art. 1841. A judgment must be precise, definite, and certain. *Kimsey* [*v. Nat'l Auto. Ins. Co.*], [13-856 (La.App. 3 Cir. 2/12/14),] --- So.3d ----; La.Code Civ.P. art. 1918, comment (a). In order to constitute a final appealable judgment, the "judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *Frank v. City of Eunice*, 13-1118, p. 3 (La.App. 3 Cir. 3/5/14), 134 So.3d 222, 225. These requirements should be evident without reference to other documents in the record. *Id.*

*Goal Properties, Inc. v. Prestidge*, 14-422 (La.App. 3 Cir. 11/5/14), 150 So.3d 610.

We find that the judgment in the instant case fails to meet the requirements as discussed above. The judgment does not dismiss appellant's suit. In order to

know the relief the trial court was granting in maintaining the exceptions, reference must be made to other documents in the record, which is not permitted. Therefore, we hereby grant the appellees' motions to dismiss the appeal and dismiss this appeal at appellant's cost. We remand this matter to the trial court to include proper decretal language in the Judgment, and for such further proceedings as may be necessary in accordance with this court's ruling.

**APPEAL DISMISSED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.