STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-1055


RICKY A. CARVER

VERSUS

PAMELA ANN SUMLER CARVER



**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 82,362
HONORABLE C. ANTHONY EAVES, JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders and
Van H. Kyzar, Judges.


AFFIRMED.

**David C. Hesser**
**Hesser & Flynn, A Limited Liability Partnership**
**2820 Jackson Street**
**Alexandria, LA 71301**
**(318) 542-4102**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Ricky A. Carver**

**Howell D. Jones, IV**
**Jones Law Firm**
**P. O. Box 14558**
**Alexandria, LA 71315**
**(318) 442-1515**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Pamela Ann Sumler Carver**

**SAUNDERS, Judge**

In this case, the appellant challenges the partition of community property formerly existing between the parties.

**FACTS AND PROCEDURAL HISTORY:**

Plaintiff, Ricky Carver ("Ricky"), and Defendant, Pamela Ann Sumler Carver ("Pamela"), were married on August 31, 1978. Ricky filed for divorce on December 9, 2009. Judgment of divorce was rendered on January 10, 2011. Of the Carvers' marriage, three children were born, one of whom remained under the age of majority at the time of divorce.

On May 11, 2010, Pamela filed a Motion to Partition Community Property, followed by a Sworn Detailed Descriptive List of all Community Property filed on January 24, 2011. Ricky filed a separate Sworn Detailed Descriptive List of all Community Property on March 9, 2011, to which Pamela filed a Traversal on October 14, 2011. Ricky responded by filing his own Traversal on December 12, 2011, and finally, by filing a Traversal/Amended Sworn Detailed Descriptive List on October 3, 2012.

Following a trial on the traversals, the trial court found in favor of Ricky and issued its written reasons on April 23, 2013. On October 11, 2013, Pamela filed a Motion to Reconsider, to which Ricky filed a Peremptory Exception of No Cause of Action. On December 18, 2014, the trial court issued written reasons for denying Pamela's Motion to Reconsider. A written judgment was not created until December 1, 2016. At the conclusion of the hearing, the trial court gave an oral ruling wherein it:

1. Fixed the fair market value of the community matrimonial home at $153,500.00;

2. Denied Pamela's request for reimbursement for rental value of the former matrimonial domicile;

3. Denied each of the Carvers' requests for reimbursement of costs of improvements made to the former matrimonial domicile;

4. Decreed that all items contained in the residence at the time of separation are community;

5. Denied Ricky's claim for maintenance of the former matrimonial domicile;

6. Denied Pamela's request for reconsideration of rental reimbursements;

7. Ordered Ricky to cooperate upon his retirement, to affect a Qualified Domestic Order according to the *Sims* formula.

Pamela timely filed a motion for devolutive appeal. Pursuant to that motion, Pamela is presently before this court alleging three assignments of error.

## ASSIGNMENTS OF ERROR:

1. The trial court erred by fixing a value for the community home contrary to the evidence.

2. The trial court erred in denying the reimbursement of rental value in and to the former matrimonial domicile.

3. The trial court erred by including as community property that which was inherited by and donated to Pamela from her ascendants.

## ASSIGNMENT OF ERROR NUMBER ONE:

In her first assignment of error, Pamela argues that the trial court erred in fixing the value of the former matrimonial domicile. We find no merit to this contention.

An appellate court may not set aside a trial court's findings of fact in absence of manifest error unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

Louisiana Revised Statutes 9:2801 sets forth the rules for partitioning community property and determining a party's reimbursement claims, and provides in pertinent part:

A.      When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding, which shall be conducted in accordance with the following rules:

(1)(a)      Within forty-five days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities. For good cause shown, the court may extend the time period for filing a detailed descriptive list. If a party fails to file a sworn detailed descriptive list timely, the other party may file a rule to show cause why its sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities. At the hearing of the rule to show cause, the court may either grant the request or, for good cause shown, extend the time period for filing a sworn detailed descriptive list.  If the court grants the request, no traversal shall be allowed.

In *Carmichael v. Brooks*, 16-93, pp. 7-8 (La.App. 3 Cir. 6/22/16), 194 So.3d 832, 838 (citations omitted) this court noted:

It is well settled in Louisiana that the trier of fact is not bound by the testimony of an expert, but such testimony is to be weighed the same as any other evidence. The trier of fact may accept or reject in whole or in part the opinion expressed by an expert. The effect and weight to be given expert testimony is within the broad discretion of the trial court. The decision reached by the trial court regarding expert testimony will not be disturbed on appeal absent a finding that the trial court abused its discretion.

In the instant matter, a review of the record reveals that the principal asset of the community is the former matrimonial domicile.  The parties disagree as to its fair market value and retained experts to determine its value.  Pamela's expert in the field of appraisal and residential property, George Thibodeaux, testified that the range of value for the former matrimonial domicile was from $158,000.00 to $165,000.00. In making this determination, Mr. Thibodeaux included comparables from the town of Leesville, in addition to comparables in Anacoco, the town in

which the home is located.  He admitted that his report was several years old and that his values "may be a little high, may be a little low."

Ricky's expert in the field of real estate, Zachary Hajighassem, opined a value range of $152,980.00 to $131,611.00, and that the home should be listed for sale at $139,944.00.  Mr. Hajighassem's opinion was based on comparable properties all located in Anococo.  Importantly, both experts used comparable sales from properties sold three to four years prior to trial, both testified that such discrepancies are common in property appraisals, and both confirmed the value that each placed on the property.  After weighing the two competing expert opinions, the trial court found a value of $153,500.00.  We find it was within its discretion to do so.  The trial court was not required to prefer one expert over the other.  Accordingly, we affirm the trial court's judgment on this issue.

**ASSIGNMENT OF ERROR NUMBER TWO:**

In her second assignment of error, Pamela argues that the trial court erred in failing to award a rental reimbursement for rental value associated with the former matrimonial domicile.  We find no merit to this contention.

Under manifest error or clearly wrong standard of review, an appellate court must determine whether the trial court made a factual finding that was manifestly erroneous or clearly wrong and must review the record in its entirety to make this determination. *Blackshear v. Golden Age Nursing Center, LLC*, 14-723 (La.App. 3 Cir. 2/4/15), 158 So.3d 179.

In *McCarroll v. McCarroll*, 96-2700, p. 16 (La. 10/21/1997), 701 So.2d 1280, 1288 (emphasis in original), the Louisiana Supreme Court stated:

La.R.S. 9:374(C) provides for the award of rental payments for a spouse's occupancy of the family residence pending partition of the community:

A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provision of R.S. 9:374(A) or (B) *shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.*

The *McCarroll* court went on to state: "Public policy also weighs heavily against the retroactive award of rent under La.R.S. 9:374(C) . . . when the community is not partititioned for many years, the retroactive assessment of rent is extremely prejudicial to the occupying spouse." *Id.* At 1290.

In the instant matter, a review of the record reveals that Ricky enjoyed the continued use and occupancy of the family home from May 18, 2010, throughout these proceedings. However, he expended considerable time, labor, and expense in maintaining the eight-acre property, and there was no rental agreement between the parties. Moreover, in 2011, the minor child went to live with Ricky and remained there for a considerable amount of time, and in 2012, Ricky was designated the minor child's domiciliary parent. Given the record in its entirety, it was within the trial court's discretion to consider the needs and best interest of the child in addition to the considerable time, labor, and expense used to maintain the property in denying the retroactive award of rent. Accordingly, we affirm the trial court's judgment on this issue.

## ASSIGNMENT OF ERROR NUMBER THREE:

In her third assignment of error, Pamela argues that the trial court erred by including as community property that which was inherited by and donated to her from her ascendants. We find no merit to this contention.

5

An appellate court may not set aside a trial court's findings of fact in absence of manifest error unless it is clearly wrong. *Stobart*, 617 So.2d 880; *Rosell* 549 So.2d 840.

Louisiana Civil Code Article 2340 provides: "Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property."

Louisiana Civil Code Article 2341 provides:

The separate property of a spouse is his exclusively. It comprises: property acquired by a spouse prior to the establishment of a community property regime; property acquired by a spouse with separate things or with separate and community things when the value of the community things is inconsequential in comparison with the value of the separate things used; property acquired by a spouse by inheritance or donation to him individually; damages awarded to a spouse in an action for breach of contract against the other spouse or for the loss sustained as a result of fraud or bad faith in the management of community property by the other spouse; damages or other indemnity awarded to a spouse in connection with the management of his separate property; and things acquired by a spouse as a result of a voluntary partition of the community during the existence of a community property regime.

In the instant matter, our review of the record reveals that it is devoid of any evidence that any of the items contained in the former matrimonial domicile at the time of separation were inherited by or donated to Pamela individually by her ascendants. Therefore, we agree with the trial court's finding that things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property. Accordingly, we affirm the trial court's judgment on this issue.

## CONCLUSION:

Pamela asserts three assignments of error: (1) the trial court erred by fixing a value for the community home contrary to the evidence; (2) the trial court erred in

6

denying reimbursement of rental value in and to the former community home; and (3) the trial court erred by including as community property that which was inherited by and donated to Pamela from her ascendants. Finding no merit to Pamela's first assignment of error, we affirm the trial court's judgment that the fair market value of the former matrimonial domicile is $153,500.00. Finding no merit to Pamela's second assignment of error, we affirm the trial court's judgment that Pamela is not entitled to rental value in and to the former matrimonial domicile. Finally, finding no merit to Pamela's third assignment of error, we affirm the trial court's judgment that Pamela did not overcome the presumption that all movables in the house at the time of separation are community property.

Costs of these proceedings are assessed to Pamela Ann Sumler Carver.

**AFFIRMED.**