AMY, J., dissenting.
I respectfully dissent as I find an affirmation required in this matter.
Importantly, a trial court evaluates a motion for involuntary dismissal upon consideration of all evidence, without special inference in favor of the opponent of the motions, and grants the dismissal if the plaintiff has not established proof by a preponderance of the evidence. Trahan v. Acadiana Mall of Del. , 14-232 (La.App. 3 Cir. 10/1/14), 149 So.3d 359. It appears to me that trial court, as the trier of fact, made a straightforward determination that the plaintiffs failed to meet that burden at the close of their case. I find no manifest error in that determination.
Fundamentally, Ms. Fontenot explained only that she was the permissive driver of a vehicle, that she was driving reasonably, *906 and that she heard a "pop" before the vehicle apparently left the road. Officer Kuzmik's testimony was similarly limited as he identified an area where the vehicle hit the curb, left the road, and struck the light pole. He explained that, after the accident, he identified that the tie rod assembly was broken. However, as evidenced by the following passage, Officer Kuzmik did not testify as to the chain of events:
Q Are you able to say if striking the curb was or was not a possible source of the loud pop that Ms. Fontenot heard before she lost control?
A No, ma'am.
....
Q A few minutes ago when Mr. Iles was asking you some questions, I thought I heard you say that you don't know if the tie rod br[e]aking was the causing factor of the accident. As you sit here today, you still can't say if that's what caused the chain of events.
A That's correct.
Q Or if the broken tie rod was [a] consequence of something that caused the chain of events.
A I don't know. To be honest with you, I'm not a mechanic so I couldn't really tell you. And we're not trained to-we're not crash Reconstructionist[s].
Q Sure.
A So, I can't say that, no.
Thus, upon consideration of either Ms. Fontenot's testimony or that of Officer Kuzmik, it seems to me that the plaintiffs lacked evidence of whether the tie rod assembly was a causative factor in the vehicle leaving the road, or whether the vehicle striking the curb was the source of the loud pop. Given that paucity of factual evidence, I find that the trial court acted permissively in dismissing this matter upon a conclusion that the plaintiff failed to meet her burden of proof.
Although I recognize that King v. Louviere , 543 So.2d 1327 (La.1989), discusses an owner's responsibility for the maintenance of his or her vehicle, I find that case ultimately unhelpful in the present matter. Rather, King inquired into whether the permissive driver could be held solidarily liable with the vehicle's owner (who was sued in strict liability) for the plaintiff's injuries. Id. The permissive driver in that case claimed a latent defect defense in an attempt to exculpate herself from the negligence action lodged against her by the plaintiff. While the supreme court observed that it was the owner who had the duty of maintenance given the facts of that case (the permissive driver was using the car for a work-related errand), it further explained that the permissive driver failed to carry her burden of proving the applicability of the latent defect defense. Id. In short, the plaintiff failed to demonstrate "that the accident was caused exclusively by a latent defect in her vehicle and that she was not guilty even of slight negligence that in any way contributed to the accident." Id. at 1331. The surrounding discussion demonstrates that the inquiry in King focused on the permissive driver's own negligence, not on the existence of an alleged defect.
Even assuming the owner's duty of maintenance, however, it seems to me that the plaintiffs were required to demonstrate the existence of the purported defect and, in turn, causation. In my opinion, the trial court's conclusion that they did not do so is supported by the record as, ultimately, the plaintiffs proved only the existence of a sound prior to the subject accident and a post-accident observation regarding the car's condition. Notably, no expert opinion testimony was offered regarding the potential cause of the sound heard by the driver or the potential mechanical issues involved.
*907 For these reasons, I would affirm the trial court's dismissal of this matter pursuant to La.Code Civ.P. art. 1672(B).