NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-367

GAYNELWYN SONNIER

VERSUS

LOUISIANA DEPT. OF

TRANSPORTATION & DEVELOPMENT

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2007-190
HONORABLE ERROL DAVID DESHOTELS, JR., DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret, Judges.

AFFIRMED.

Dorwan Gene Vizzier
Broussard, Halcomb & Vizzier
P. O. Box 11875
Alexandria, LA 71315
(318) 487-4589
COUNSEL FOR PLAINTIFF-APPELLANT:
    Gaynelwyn Sonnier

**Stacey Allen Moak**
**Stacy Moak & Associates**
**P. O. Box 77651**
**Baton Rouge, LA 70879-7651**
**(225) 751-6300**
**COUNSEL FOR DEFENDANT-APPELLEE:**
  **Louisiana Department of Transportation & Development**


**Judi F. Abrusley**
**Attorney at Law**
**P. O. Box 1114**
**Oakdale, LA 71463**
**(318) 335-9771**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
  **Marilyn Clark**

**PICKETT, Judge.**

Gaynelwyn Sonnier appeals the judgment of the trial court taxing costs in the amount of $64,342.59.

## FACTS

Ms. Sonnier sued the Louisiana Department of Transportation and Development (DOTD) after her daughter was tragically killed while riding as a guest passenger in a vehicle. A jury found that the roadway did not create an unreasonable risk of harm. The trial court, in conformity with the jury's verdict, issued a judgment dismissing Ms. Sonnier's claims against DOTD. Ms. Sonnier appealed that judgment to this court. We affirmed the judgment of the trial court. *Sonnier v. State, ex rel. Dep't Trans. & Dev.*, 18-73, 18-74, 18-75 (La.App. 3 Cir. 6/6/18), 249 So.3d 51. This court denied Ms. Sonnier's application for rehearing on August 1, 2018. The delays have run for Ms. Sonnier to file a writ of certiorari. La.Code Civ.P. art. 2166. Thus, the judgment dismissing Ms. Sonnier's claims against DOTD is final.

While Ms. Sonnier's appeal was pending before this court, DOTD filed a Motion to Tax Costs.[1] Following a hearing, the trial court taxed costs in the amount of $64,342.59 to Ms. Sonnier. Ms. Sonnier now appeals that judgment.

## ASSIGNMENT OF ERROR

On appeal, Ms. Sonnier asserts one assignment of error:

1. Plaintiff has by separate appeal appealed the adverse Judgments on the merits and is seeking the reversal of that adverse Judgment on the merits. Plaintiff was successful in reversing that adverse Judgment, and the allocation assessment of costs against plaintiff would be erroneous. [sic]

---

[1] The trial court retains jurisdiction to set and tax costs during the pendency of an appeal pursuant to La.Code Civ.P. art. 2088.

## DISCUSSION

The imposition of costs following a trial is governed by La.Code Civ.P. art. 1920, which states:

> Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
>
> Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.

A trial court has broad discretion in the fixing and taxing of court costs. *Davis v. Sonnier*, 96-515 (La.App. 3 Cir. 11/6/96), 682 So.2d 910. We will not reverse a judgment assessing court costs unless we find the trial court abused that discretion. *Trahan v. Plessala*, 14-795 (La.App. 3 Cir. 2/4/15), 158 So.3d 209.

Ms. Sonnier points to no error in the trial court's calculation of the amount of costs. She admits in her brief to this court that she filed this appeal to preserve her right to appeal the taxing of costs to her in the event the judgment of the trial court dismissing her claims against DOTD is reversed. That judgment has been affirmed by this court and is now final. We find no abuse of discretion in the trial court's assessment of costs to Ms. Sonnier.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are taxed to Ms. Sonnier.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.

2