# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 24-491


EVA BROUSSARD

VERSUS

CHRISTUS HEALTH SOUTHWESTERN
LOUISIANA


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2019-3513
HONORABLE BOBBY L. HOLMES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## GARY J. ORTEGO
## JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Van H. Kyzar, Candyce G. Perret, and Gary J. Ortego, Judges.


**AFFIRMED.**

**Christopher L. Zaunbrecher**
**Briney Foret & Corry, LLP**
**P.O. Drawer 51367**
**Lafayette, LA 70505-1367**
**(337) 456-9835**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Eva Broussard**

**Christopher P. Ieyoub**
**Peyton N. Robertson**
**Plauch', Smith & Nieset, L.L.C.**
**P. O. Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Christus Health Southwestern Louisiana**
    **d/b/a Christus Ochsner Lake Area Hospital**
    **Christus Health Systems**
    **Christus Health**

**Benjamin H. Banta**
**MaryJo L. Roberts**
**Allison  Fish**
**The Kullman Firm, P.L.C.**
**1100 Poydras Street, Stuite 1600**
**New Orleans, LA 701063**
**(504) 524-4162**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Christus Health Southwestern Louisiana**
    **d/b/a Christus Ochsner Lake Area Hospital**
    **Christus Health Systems**
    **Christus Health**

**ORTEGO, Judge.**

This appeal involves a motion for partial summary judgment filed by Defendants in response to the portion of Plaintiff's wrongful termination lawsuit alleging a violation of La.R.S. 23:967 (the "whistleblower statute"). The trial court granted Defendants' motion for partial summary judgment and held that there was no violation of law by Defendants; therefore, the statute did not apply, dismissing Plaintiff's claim under the whistleblower statute. Plaintiff now appeals that judgment. For the reasons that follow, we affirm the trial court's judgment granting Defendants' motion for partial summary judgment.

## FACTS AND PROCEDURAL HISTORY

The Defendants, Christus Health Southwestern Louisiana d/b/a Christus Ochsner Lake Area Hospital, Christus Ochsner Health Systems, and Christus Health (collectively "Christus"), operate Lake Area Hospital in Lake Charles. The Plaintiff Eva Broussard ("Broussard") was terminated from employment as the Pharmacy Manager at Lake Area Hospital in 2018. In this lawsuit, Broussard asserts four claims against Christus, only one of which is at issue in this appeal, namely her claim that her termination was in violation of La.R.S. 23:967 (the "whistleblower statute")[1].

In Christus's motion for partial summary judgment, it argues that there was no violation of law by Defendants; therefore, the statute did not apply. For the purpose of summary judgment, Christus did not dispute the fourteen material facts upon which Broussard based her claim under La.R.S. 23:967, which read as follows:

1. CHRISTUS operates Lake Area Hospital in Lake Charles, Louisiana.

---

[1] The heading/caption of Broussard's petition lists "*Christus Ochsner Health Systems*" as lead defendant and the prior writs and the trial court's judgment are titled: "*Broussard v. Christus Ochsner Health Systems.*"

2. In 2018, Broussard was employed with CHRISTUS as the Pharmacist-in-Charge at Lake Area Hospital.

3. CHRISTUS also operates St. Patrick's [sic] Hospital in Lake Charles, Louisiana.

4. In 2018, Shanna Thibodeaux was the Pharmacist-in-Charge at St. Patrick's [sic] Hospital.

5. In 2018, Thibodeaux was Broussard's direct manager from a corporate organizational/reporting standpoint.

6. On September 2, 2018, a doctor at Lake Area Hospital prescribed a drug called Lorazepam- the brand name is Ativan- to a patient at Lake Area Hospital.

7. Lake Area Hospital's Pharmacy department did not have a sufficient supply of Ativan.

8. Lake Area Hospital Pharmacy department personnel contacted St. Patrick Hospital's [sic] Pharmacy department personnel to request that St. Patrick Hospital's [sic] loan or provide Ativan to Lake Area Hospital.

9. The request was denied by Thibodeaux even though St. Patrick Hospital's [sic] had a sufficient supply of Ativan to loan or provide to Lake Area Hospital.

10. Lake Area Hospital Pharmacy department personnel subsequently, on the same day, identified three other options for obtaining the additional Ativan that was needed.

11. The additional Ativan was acquired by Broussard from a non-affiliated hospital in Lake Charles, Louisiana, later in the day on September 2, 2018.

12. On, around and after September 4, 2018, Broussard complained to co-workers that this event had amounted to a patient safety concern and that Thibodeaux had arbitrarily impeded patient care and safety as well as Broussard's management as the Pharmacist-in-Charge of the Lake Area Hospital Pharmacy department.

13. Broussard was terminated from employment on September 13, 2018.

14. Broussard never filed a complaint with the Louisiana Board of Pharmacy over this event or over any other event or incident.

The trial court granted Christus's motion for partial summary judgment dismissing Broussard's whistleblower statute claim. Broussard now appeals that ruling.

## ASSIGNMENTS OF ERROR

Broussard lists the following assignments of error:

1. The District Court erred in concluding whether Applicant's supervisor violated the Louisiana Pharmacy Code state law involves only a question of law.

2. The District Court erred by taking from the jury the responsibility to determine whether Applicant's supervisor violated state law, which is a mixed question of fact and law.

3. The District Court erred by allowing the Respondents to re-litigate a prior decision by another judge in the same case, which was affirmed by the Third Circuit in a prior writ application.

4. The District Court erred by weighing the evidence and deciding issues of fact on a motion for summary judgment.

## STANDARD OF REVIEW

In *Pollock v. MDA Consultants, L.L.C.*, 22-540, p. 7 (La.App. 3 Cir. 2/1/23), 362 So.3d 929, 934, *writ denied*, 23-551 (La. 6/7/23), 361 So.3d 976, this court explained:

> The summary judgment procedure is expressly favored in the law and "is designed to secure the just, speedy, and inexpensive determination of every action[.]" La.Code Civ.P. art. 966(A)(2). Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544. "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

3

## DISCUSSION AND ANALYSIS ON THE MERITS

*Trial Court's Judgment:*

The trial court in this matter ruled from the bench and issued the following reasons:

> I do believe this is a matter of law. One of the things I wanna [sic] go a step further to address is I believe the *Sonnier [v. Diversified Healthcare Lake Charles LLC*, 22-420 (La.App. 3 Cir. 4/26/23), 364 So.3d 1213,] case came down after there had already been a hearing of this matter. I think the Third Circuit has now made it clear there must be an actual violation of law. It's this Court's opinion that Ms. Thibodeaux had the same rights as Mrs. Broussard under 1105(e), and I would grant the motion for partial summary judgment, looking at the *Sonnier* case and [its] progeny that the Third Circuit used to make its ruling.
>
> Because in the Court's opinion, we get into a hairy-sticky situation where we say that because of [sic] one pharmacist said they needed it and their patient needed it, they are in violation of the Pharmacy Code by not giving it when they have the same exact rights. I can't overlook that. And so I am gonna [sic] grant that partial motion for summary judgment.
>
> . . . .
>
> But the problem with that is . . . that's a legal conclusion that can be drawn here now. That doesn'eed to be before the jury. I think it's clear statutorily and through case law, one, that there has been actual legal violation, which the Court is of the opinion there is no actual [sic] legal violation because Ms. Thibodeaux, even if she doesn't – she's probably never read 1105 to . . . understand, hey, you have the same rights as Mrs. Broussard when you -- when she picks up the phone to call you or sends a written request to say no. And it doesn't require you to give a lengthy explanation of, "Well, I'm not doing it because." She has a right just like Kroger, Albertsons, Walgreens, CVS to say, "No, I need my hydrocodone. I need my Ativan," you know, whatever it is.
>
> So it -- the Court is of the opinion that both pharmacists had the same right. And yes, Mrs. Broussard needed the drug, but she also doesn't have a right to subvert or tell Ms. Thibodeaux what to do at her pharmacy. And they wrote the law that way. I didn't -- you know, I'm just – I'm -- the Court is reading the plain black letter of the law and has read the cases. I don't find there's an actual violation of the law.
>
> Even if we go down the road and -- where she says, you know, I didn't understand the paperwork structure, that in and of itself is not a violation of 1105(e) and she still falls within her particular rights. And so the Court would maintain that ruling.

4

Additionally, in its ruling from the bench, the trial court states it considered all the evidence, and it accorded little or no weight to Thibodeaux's supervisor's admission that her actions interfered with Broussard's administration of the Lake Area Hospital pharmacy, because the issue before it was a pure question of law. The trial court decided under these circumstances that Thibodeaux had no duty under LAC §1105(E):LIII.46 to approve a transfer of medication that Broussard, the pharmacist-in-charge at Lake Area Hospital, deemed necessary for a patient in ICU at that hospital, finding and ruling that "[s]he has a right just like Kroger, Albertsons, Walgreens, CVS" to refuse the transfer.

In other words, the trial court reasoned and found that no law was violated because both Thibodeaux and Broussard were acting in good faith, and in accordance with their authority to do so for their respective employers.

***Previous rulings:***

Procedurally, this is the second motion for partial summary judgment filed by Christus related to the whistleblower portion of Broussard's claim. In 2022, the trial court denied Christus's motion for partial summary judgment on the La.R.S. 23:967 claim, and this court denied the writ, simply stating: "**WRIT DENIED**. We find no error in the trial court's ruling." *Broussard v. Christus Ochsner Health Sys.*, 22-136 (La.App. 3 Cir. 5/17/22) (unpublished writ).

This matter again came before this court in 2024, with that writ application addressing the issue of whether the judgment on the La.R.S. 23:967 claim was a final, appealable judgment. This court granted the writ, but denied relief in a writ disposition dated April 26, 2024, which read as follows:

> **WRIT GRANTED; RELIEF DENIED**: The partial judgment at issue in the instant writ application is appealable because it was designated as a final judgment by the trial court after an express determination that there is no just reason for delay. La.Code Civ.P. art. 1915(B)(1). Appellate courts generally will not exercise their supervisory

> jurisdiction when an adequate remedy exists by appeal. *Douglass v. Alton Ochsner Medical Found*, 96-2825 (La. 6/13/97), 695 So.2d 953. Since a written judgment has not yet been signed, nor has notice of judgment been mailed to the parties, the delays for filing an appeal have not yet begun to run. As such, Plaintiff may still timely file for an appeal.

*Broussard v. Christus Ochsner Health Sys.*, 24-96 (La.App. 3 Cir. 4/26/24) (unpublished writ).

Regarding the 2022 ruling denying Christus's motion for partial summary judgment, we find that the "law of the case" doctrine does not prohibit a trial court's reversal of a previous ruling on the whistleblower claim as no final judgment had yet been rendered at that time on the merits of that claim. *Zapata v. Seal*, 20-1148 (La. 9/30/21), 330 So.3d 175.

This court in *Certain Underwriters at Lloyd's*, *London v. Alliance Drilling Consultants*, *L.L.C.*, 23-265 (La. App. 3 Cir. 12/20/23), 377 So.3d 459, 469 (citing *Davis v. Jazz Casino Co.*, *L.L.C.*, 03-276, (La. 6/6/03), 849 So.2d 497 *writ denied*, 24-117 (La. 3/13/24), 381 So.3d 48), held that the "law of the case" doctrine is inapplicable when an appellate court declines to exercise supervisory jurisdiction. It further held that an appellate court's finding of no error by the trial court, in the context of a writ denial, is also without effect with respect to the "law of the case" doctrine. Thus, even after this court's writ denial in 2022, the trial court can subsequently revisit and revise its disposition of Plaintiff's whistle-blower's claim, and as it is now on appeal of a final judgment.

As to the 2024 judgment, our review of the language of that writ disposition makes it clear that the ruling was procedural in nature and that the limited issue before this court was whether an appeal was appropriate. That panel correctly found that the judgment was appealable, and the record reflects that the issues on the merits were not before that panel of this court. Thus, we do not find the language used in that writ denial to be determinative of the merits at issue on appeal.

6

***Broussard's Arguments*:**

On appeal, Broussard argues that the trial court erred in finding that, as matter of law, Thibodeaux's refusal to transfer the medication did not violate LAC 1105(E):LIII.46 of the Pharmacy Code. Broussard contends that the trial court clearly erred, because whether the conduct she reported violated state law is a mixed question of fact and law, which is for the trier of fact, in this case, the jury, to decide. *Sonnier v. Diversified Health Care*, *Inc.* 22-420 (La.App. 3 Cir. 4/14/22), 364 So. 3d 1213.

As Broussard notes, a previous panel of this court acknowledged the mixed nature of the question on a prior writ application by Christus in this case. *Broussard*, 22-136. This court found no error in the denial of Christus's first motion for summary judgment, agreeing with the trial court's prior ruling that the question required adjudication of issues of fact. Broussard contends that Christus's second motion for partial summary judgment did not address the factual issues that precluded summary judgment the first time around. Christus merely argued Broussard's supervisor had no statutory duty as a matter of law, based on what Broussard argues was inadmissible opinion evidence of two pharmacists to that effect.

Broussard further argues that the issue is not whether the trial court's analysis was correct, but whether the duty/risk analysis it performed was the jury's responsibility. The trial court erred by assuming whether the supervisor violated state law is a pure question of law. Thus, dismissal of the whistleblower claim by summary judgment should be reversed as Broussard contends that whether Broussard's supervisor violated the Pharmacy Code is a mixed question of law and fact which must be resolved by the fact finder at trial.

7

Additionally, Broussard claims she was fired as the Pharmacist in Charge ("PIC") at Christus Lake Area Pharmacy after she made a "whistleblower" complaint against the PIC at Christus St. Patrick Hospital Pharmacy, Ms. Thibodeaux, for refusing to transfer a certain medication to Lake Area when Broussard requested it.

Thus, Broussard argues the conduct Broussard reported and to which she objected violated LAC 1105(E):LIII.46, a provision of the Pharmacy Code, which reads:

> "It is a violation of the pharmacy permit for any person to subvert the authority of the pharmacist-in-charge by impeding the management of the prescription department in the compliance of federal and state pharmacy laws and regulations."

The trial court found that there was no violation of state law to trigger the application of the Whistleblower Statute.

***Christus's Arguments*:**

As stated above, Christus argues that the only claim at issue on appeal is Broussard's whistleblower claim under La.R.S. 23:967. Christus contends that there are two problems with Broussard's argument that mixed questions of law and fact remain, neither of which she can overcome.

First, it is settled that in order to prevail on a La.R.S. 23:967 claim, a plaintiff must show that what she complained about—or, put another way, the subject about which she "blew the whistle"—was an actual violation of law. *Sonnier*, 364 So,3d 1213. Thus, it is not enough for Broussard to have merely harbored a good-faith belief that a law was violated; instead, as both the Louisiana Supreme Court and this court have held, she must show that an actual violation of law occurred.

Second, Broussard cannot show any actual violation of the law. Thibodeaux, as the pharmacist-in-charge at St. Patrick Hospital, had the absolute authority to

decide whether to loan Ativan to another hospital during that Labor Day weekend six-plus years ago. Additionally, Christus argues that the bottom line is that there is no law, regulation, administrative code provision, or other legal authority that requires one pharmacy, upon request or even demand, to loan or otherwise provide a prescription drug to another pharmacy. Christus further notes that since the filing of this action more than five years ago, Broussard has failed to cite any legal authority that compels one pharmacy to loan or provide a drug to another pharmacy, even in circumstances that may be deemed urgent. Accordingly, what Broussard vocally complained about in 2018, did not amount to a violation of law, so the trial court correctly granted summary judgment on her La.R.S. 23:967 claim.

Additionally, Christus argues that in support of her position, Broussard incorrectly asserts that mixed questions of fact and law are inappropriate for summary judgment. The Louisiana Supreme Court and this court have held that such mixed questions can indeed be disposed of on summary judgment. Regardless, the trial court was correct to characterize the issue at bar—whether the administrative Pharmacy Code requires one pharmacist-in-charge to loan or provide a drug to another pharmacist-in-charge—as a question of law.

Christus further notes that Broussard's effort to reverse the summary judgment award includes a new "duty/risk" theory that she failed to assert at the lower court level. Nowhere in her summary judgment pleadings did Broussard undertake a duty/risk analysis, and the transcript from the January 2024 hearing on the summary judgment motion shows that a duty/risk contention was never raised. Even if Broussard were not raising a duty/risk theory for the first time on appeal, Christus argues that this theory is not applicable to the facts here and not relevant to the legal analysis, as this case involves an intentional act that hinges on motive for denial of the requested transfer.

9

As to Broussard's argument that this Court previously ruled on the whistleblower claim in such a way that "the law of the case" prohibited the trial court from granting summary judgment to Christus, Christus argues that Broussard's argument fails for three reasons. First, when the La. R.S. 23:967 claim was previously before this Court in 2022 via a supervisory writ, this Court was not reviewing a final judgment; thus, under *Zapata*, 330 So.3d 175, the trial court remained free to subsequently revise its disposition of the La. R.S. 23:967 claim, which this court may now affirm via an appeal from the trial court's final judgment. Second, when this case was previously before this court in 2022, neither side had yet introduced or argued the issue of whether one pharmacy is required by any law, regulation, or other legal authority to loan or provide a prescription drug to another pharmacy, and because no such law, regulation or other legal authority exists, manifest injustice or palpable error would result if Broussard's "law of the case" argument were to prevail. Third, when this case was previously before this court in 2022, neither side had yet introduced or argued the issue of whether Thibodeaux, as the PIC at St. Patrick Hospital, had the very same rights, benefits and privileges as Broussard; instead, this case was being examined, back then, myopically and through the lens of only Broussard.

Finally, Christus argues that indisputably, under the Pharmacy Code, Thibodeaux had the very same rights, benefits, and privileges as Broussard, i.e., or her management impeded and not having her authority subverted. At that time, Thibodeaux was the PIC of the pharmacy that possessed the drug being sought, meaning that she had the authority and decision-rights to decline or refuse to loan out or otherwise provide the drug to another pharmacy. Thus, this court, for the first time, is considering the matter of Thibodeaux's rights, benefits, and privileges.

Therefore, Broussard is incorrect when she contends that the "law of the case" theory requires summary judgment to be reversed, or, alternatively, if the "law of the case" theory is applicable, it should not prevail because manifest injustice or palpable error would result.

***Analysis of Broussard's whistleblower claim:***

Broussard argues that summary judgment was inappropriate because there are mixed issues of law and fact that should be decided by a jury or trier of fact. Christus, on the other hand, argues that the trial court was correct to grant summary judgment, primarily because neither Thibodeaux nor Christus violated any laws in denying Broussard's request to supply their pharmacy with Ativan.

La. R.S. 23:967, the Whistleblower Statute, provides, in pertinent part, (emphasis added), that "[a]n employer shall not take reprisal against an employee who in good faith, *and after advising the employer of the **violation of law**[]*" who "[d]iscloses or threatens to disclose a workplace act or practice that is in ***violation of state law***."

Firstly, and even accepting as true Broussard's claim that mixed questions of law and fact still exist, such a situation does not automatically preclude the granting of summary judgment. This court has stated:

> On review of this summary judgment, we take note of the fact that "[t]he seaman inquiry is a mixed question of law and fact, and it often will be inappropriate to take the question from the jury. "***Nevertheless, summary judgment or a directed verdict is mandated where the facts and the law will reasonably support only one conclusion***.'"

*Baldin v. CleanBlast*, *LLC*, 14-1026 (La.App. 3 Cir. 2/4/15), 158 So.3d 270, 274 (emphasis added), (quoting *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 554, 117 S.Ct. 1535, 150 (1997)), *writ denied, 15-461 (La. 5/15/15), 170 So.3d 163.*

11

The supreme court in *Encalarde v. New Orleans Center for Creative Arts/Riverfront*, 14-2430 (La. 2/13/15), 158 So.3d 826, 826, when faced with this exact issue, found that the whistleblower statute is not triggered without a violation of the law, stating: "In order to bring an action under La. R.S. 23:967, the employee must establish [that] the employer engaged in workplace conduct constituting an actual violation of state law."

Additionally, this court in *Sonnier v. Diversified Healthcare-Lake Charles LLC*, 22-420 (La.App. 3 Cir. 4/26/23), 364 So.3d 1213, 1222 (citing *Hale v. Touro Infirmary*, 04-3, p.9 (La.App. 4 Cir. 11/3/04), 886 So.2d 1210, 1215), found and stated, "[T]he language of [La.R.S. 23:967] leads us to the conclusion that a violation of law must be established by a plaintiff under the Whistleblower Statute in order to prevail on the merits of the case."

Thus, it is jurisprudentially clear that the whistleblower statute is not triggered without a violation of state law.

In support of their summary judgment motion, Christus submitted a report by Dr. Jeffery Evans, Director and Associate Professor at the College of Pharmacy at the University of Louisiana Monroe, wherein he opined that no violation of the pharmacy code or any other relevant authority occurred by denying the transfer. Christus also submitted into the summary judgment record an affidavit by Lois Anderson, PhD, a director-level pharmacist-in-charge at a hospital, who served on the Louisiana Board of Pharmacy for over ten years. In her affidavit, Dr. Anderson agreed with Dr. Evan's assessment that no violation of any law or regulation occurred when Thibodeaux denied the transfer.

As stated hereinabove, the trial court found that Thibodeaux had the same rights as Broussard pursuant to LAC 1105 (E):LIII.46. This particular provision of the Pharmacy Code is highly relevant as to whether the whistleblower statute applies

in this case, as Broussard's argument is that Thibodeaux violated this particular provision, or that the question of whether she did should be determined by the jury. The text of this provision provides "It is a violation of the pharmacy permit for any person to subvert the authority of the pharmacist-in-charge by impeding the management of the prescription department in the compliance of federal and state pharmacy laws and regulations." LAC 1105 (E):LIII.46.

Specifically, the trial court determined that "[Thibodeaux] has a right just like Kroger, Albertsons, Walgreens, CVS" to refuse a medication transfer. Therefore, the trial court determined, pursuant to relevant jurisprudence, that no law was violated. We agree.

A review of the record shows that Broussard has failed to provide or point to any law or legal authority compelling one pharmacy to loan or provide a prescription drug to another pharmacy, even in circumstances deemed urgent. Thus, Broussard cannot show any actual violation of law on the date the Ativan incident occurred on September 2, 2018.

Therefore, we find that Thibodeaux, as the PIC of her pharmacy, did not violate any law or exceed her authority in denying Broussard's request for transfer of Ativan. Like Broussard, Thibodeaux had the authority to transfer the medication to a different pharmacy or withhold the transfer. Here, Thibodeaux determined not to transfer the medication. Thus, as to the facts of this case, Broussard simply is not entitled to relief under La.R.S. 23:967, as no state laws were broken by Thibodeaux or Christus in denying the requested transfer.

**DECREE**

For the reasons stated above, the trial court's judgment granting of partial summary judgment in favor of Appellees/Defendants, Christus Health Southwestern Louisiana, d/b/a Christus Ochsner Lake Area Hospital, Christus Ochsner Health

13

Systems, and Christus Health, dismissing Eva Broussard's claim under La.R.S. 23:967, the whistleblower statute, is affirmed.  The costs of this appeal are assessed to Appellant/Plaintiff, Eva Broussard.

**AFFIRMED.**